Filed March 31, 1885.

---

No. 11,117.

## BINFORD, GUARDIAN, *v.* MINER ET AL.

PRACTICE.—*Presumption as to Action of Trial Court.*—All presumptions are in favor of the action of the trial court, and an error, in order to reverse a judgment, must affirmatively appear in the record.

EVIDENCE.—*Guardian and Ward.*—Upon the trial of an action brought by a guardian to recover an amount found due his ward upon a settlement made with the defendant at a certain date, and as to which an issue has been made, it is error to reject proof of such settlement and the matters which entered into it.

From the Hancock Circuit Court.

*J. A. New, J. W. Jones* and *J. H. Binford,* for appellant.
*C. G. Offutt* and *W. R. Hough,* for appellees.

FRANKLIN, C.—Appellant sued appellee Thomas H. Miner on a settlement made March 4th, 1879, for a balance then found due his ward of $5,499.72, and to foreclose a deed as a mortgage executed to secure the payment of the same against him and his wife. The wife made no defence. The husband filed an answer in eight paragraphs:

1st. A general denial.

2d. Usury in part, want of consideration as to the usurious part, and payment as to the balance.

3d. Mistake in the settlement.

4th. Substantially the same as the second.

5th. No consideration.

6th. Payment.

7th. Set-off.

8th. Usury in part and payment as to balance.

A demurrer was sustained to the second, third and fourth paragraphs, and overruled as to the fifth, sixth, seventh and eighth.

A reply was filed in four paragraphs:

1st. A general denial.

2d. Settlement of all items in set-off prior to March 4th, 1879.

3d. All items since March 4th, 1879, were paid and received as rents on the deeded premises.

4th. If there was any usury, it was voluntarily paid.

A demurrer was overruled to each paragraph of the reply.

Accompanying the deed there was at the same time executed by appellant's ward a defeasance or agreement, upon the payment of $5,499.72 within two years, to reconvey the lands to appellee Thomas. The deed and agreement were both, as exhibits, made a part of the complaint.

There was a trial by the court, and upon request a special finding was made and conclusions of law stated. Over a motion for a new trial, judgment was rendered in favor of the plaintiff for $3,872.84. When, after the rendition of the judgment, it appears by the record that the plaintiff then moved to have entered of record his exceptions to the findings and conclusions of law. There is also in the record a bill of exceptions showing that appellant at some time, but when is not stated, made a motion to make the special findings more specific, also moved the court to make additional findings, and to enter of record additional findings made by the court, all of which motions were overruled.

Binford, Guardian, *v.* Miner *et al.*

The errors assigned in this court are:

1st. Overruling demurrer to fifth, sixth, seventh and eighth paragraphs of answer.

2d. Overruling objections to special findings.

3d. Overruling motion for a new trial.

4th. Error in conclusions of law.

5th. Overruling motion to make special findings more specific.

6th. Overruling motion to make special findings as to rents.

7th. Overruling motion to enter of record other findings by the court.

We see no error in the rulings upon the demurrer to the various paragraphs of the answer.

The second specification, overruling objections to special findings, presents no question for consideration.

The fourth, fifth, sixth and seventh specifications, based upon exceptions to the conclusions of law, and motions in relation to the findings, are not shown by the record to have been made at the proper time; they may have each been overruled for that reason. All presumptions are in favor of the action of the court, and in order to reverse a judgment the error must affirmatively appear in the record, which, as to these specifications, we do not see so appearing in this record.

The motion for a new trial states nineteen reasons, and we do not think it necessary to refer to them all.

The fifth and sixth reasons stated for a new trial are, that the court refused to permit the plaintiff to prove by a witness upon the stand, at the time of the trial, the settlement between the parties said to have been made on the 4th of March, 1879, or what entered into said settlement. We do not see upon what principle this ruling can be sustained. The settlement was the basis of the cause of action. The general denial in the answer formed an issue upon the settlement, and it was necessary for the plaintiff to prove the settlement before he could maintain his action. We can not say that this ruling did the plaintiff no harm. It is insisted by appellees

that as the court allowed the plaintiff, as is shown by the special findings, the full amount of his claim on the settlement, he could not have been injured by the ruling.    This is only considering what the court allowed on one side.    By again referring to the special findings, it will be seen that the court allowed the defendant on his set-off the sum of $2,-537.62.  And the special findings also show that a part of this allowance to defendants was upon items occurring prior to the date of said settlement, thereby reducing plaintiff's claim to that extent, and it is by no means certain that plaintiff was not injured by being prevented from proving the settlement, and what was embraced in it.

As the judgment must be reversed for this erroneous ruling, and the other reasons stated for a new trial may not again arise in a subsequent trial, it is unnecessary to discuss and decide them.    The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to grant a new trial, and for further proceedings.

Filed Jan. 9, 1885; petition for a rehearing overruled June 13, 1885.