Morris v. Morris *et al.*

No. 13,740.

## MORRIS v. MORRIS ET AL.

| 119 | 341 |
| 126 | 562 |

| 119 | 341 |
| 137 | 172 |

| 119 | 841 |
| 154 | 580 |
| 156 | 538 |

| 119 | 341 |
| o171 | 337 |
| 171 | 689 |

WILL.—*Partial Intestacy.*—*Widow.*—*Election to Take under Law.*—*Descent.*— Where a widow refuses to accept the provision made for her by her husband's will and elects to take under the law, she takes one-third of his land in fee, and, if he leaves no child and no father or mother, she also takes, under section 2490, R. S. 1881, any portion of his estate left undisposed of by the will, and no more.

SAME. — *Contest of.* — *Mental Capacity.* — *Evidence.* — *Physician's Privileged Knowledge.*—*Waiver of Privilege.*—In a proceeding to contest a will on the ground of the mental incapacity of the testator, the executor or administrator, as the legal representative of the patient, and seeking to maintain the will, has the right to waive the privileged character of knowledge acquired by a physician, while attending the testator in his last illness, as to the latter's mental condition, and call him as a witness to testify as to such mental condition when the will was executed.

EVIDENCE.—*Exclusion of Testimony.*—*Saving Question Upon.*—*Practice.*—In order to save any question upon the exclusion of testimony, a proper question should be asked, and, upon objection being made, the fact expected to be proved by the witness should be stated to the court.

INTERROGATORIES TO JURY.—*Submission of.*—*Time of Asking.*—*Presumption.*—Everything will be presumed in favor of the action of the trial court, and if it does not appear by the record at what time the court was asked to submit interrogatories to the jury, its refusal to submit them will not be reviewed.

From the Washington Circuit Court.

*J. A. Zaring, M. B. Hottel* and *J. B. Brown,* for appellant.

*S. B. Voyles, H. Morris, S. H. Mitchell, R. B. Mitchell* and *Hobbs & Paynter,* for appellees.

COFFEY, J.—This was a suit by the appellant against the appellees to contest the will of Thomas Morris, deceased. The complaint is in two paragraphs. The first paragraph charges that the said Thomas Morris, at the time of the execution of the will in controversy, was a person of unsound mind and incapable of executing a will.

The second paragraph is substantially as follows: That

plaintiff is the surviving widow of Thomas Morris, deceased ; that said Thomas departed this life on the — day of ——, 1886, in Washington county, Indiana, leaving both real and personal estate and leaving a will, by the terms of which the defendant Micah Morris was appointed executor, which will is as follows :

·" Item 1st. I desire my debts to be paid. Item 2d. As to my farm in said county, to wit, eighty-four acres off the east side of the northeast quarter of section 36, township 3 north, range 4 east, I make the following disposition of the same : I devise the said farm and land to my brother, Micah Morris, to be his in fee simple, reserving to myself and wife, Hannah Morris, full control and possession of said farm during each of our lives ; but if my said wife shall not elect to accept the terms of this will at my death, I devise to her a life-estate in said land anyhow, and at her death two-thirds of the land in fee shall be and the same is hereby devised to my said brother. I appoint my brother, Micah Morris, as executor of this, my last will and testament."

That said will has been duly probated, and the plaintiff herein has filed in the clerk's office of said county her intention to take the provision made by law, and her refusal to take the provision made for her by the terms of said will ;. that by the provisions of said will, when she refused to take under the same, there is a life-estate in said land for which there is no provision made, and which is not disposed of by said testator ; that when she refused to take under said will said testator became intestate as to said life-estate ; that said last will is void on its face ; that the said Thomas Morris never had any children, and that he left surviving him neither father nor mother ; that the plaintiff, as the surviving widow of the said Thomas Morris, is entitled to all his estate, both real and personal. Prayer that the will be declared void and the plaintiff decreed to be the owner of all said property.

.The court sustained a demurrer to the second paragraph

of the complaint, and the appellant excepted. The cause was put at issue by a general denial. A trial of the cause resulted in a verdict and judgment for the appellees.

The appellant assigns as error : 1st. That the court erred in sustaining a demurrer to the second paragraph of the complaint. 2d. That the court erred in overruling the motion for a new trial.

It is earnestly insisted by the appellant that when she refused to take the provisions made for her by the will of her late husband, it became impossible to carry out the intentions of the testator, and that, therefore, the will became void, and that she, as the widow, became entitled to the whole estate.

We can not agree with appellant in this position. Our statute of descents provides that if a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor. Section 2490, R. S. 1881.

When appellant refused to accept the provisions made for her by the will of her husband, she took such interest in his property as was given her by statute. That interest was one-third of his land in fee, and if there was any portion of his estate undisposed of by will, as he left no child, nor father or mother, she took it under the provisions of the above statute. *Cool* v. *Cool*, 54 Ind. 225 ; *Rusing* v. *Rusing*, 25 Ind. 63 ; *Dale* v. *Bartley*, 58 Ind. 101 ; *Lindsay* v. *Lindsay*, 47 Ind. 283 ; *Armstrong* v. *Berreman*, 13 Ind. 422.

We do not think the court erred in sustaining the demurrer to the second paragraph of the complaint.

On the trial of the cause, the appellees were permitted to prove by the physician who attended the testator in his last illness that he was a person of sound mind. The appellant objected to the competency of this evidence, on the ground that the knowledge possessed by the witness was privileged, and that the physician could not be permitted to testify to this fact without the consent of the appellant.

It is settled in this State that all knowledge relating to the condition of a patient, obtained by the attending physician while in the discharge of his duty as such physician, is confidential and privileged, and that he can not be permitted to testify to the same, in a court of justice, without the consent of the patient or his representative. *Penn Mut. Life Ins. Co.* v. *Wiler,* 100 Ind. 92; *Masonic Mut. Benefit Ass'n* v. *Beck,* 77 Ind. 203. The patient or his legal representative may, however, waive the objection to such privileged communications and permit the physician to testify thereto. In this case the appellee George Barnett is the administrator of the estate of Thomas Morris, deceased, with the will annexed, and the record shows that he waived the privilege of excluding the testimony of the attending physician, and in fact called him as a witness. He was the representative of the testator and was seeking to maintain his will, and had the right, we think, as such representative, to call the physician who attended the testator in his last illness to prove the condition of his mind at the time the will was executed. The appellant also called a physician and sought to prove by him the condition of the testator's mind at a date prior to the execution of the will, but the record fails to disclose that any question was propounded to the witness calculated to call out any fact. To present the question here sought to be raised, the witness should have been asked a proper question, and, upon objection made, the fact expected to be proved should have been stated to the court. *Higham* v. *Vanosdol,* 101 Ind. 160; *Beard* v. *Lofton,* 102 Ind. 408. This was not done, and, therefore, no question is before us for decision upon the exclusion of this offered evidence.

The appellant by her counsel prayed the court to require the jury, in the event they found a general verdict in the cause, to answer the following interrogatory:

" Was Thomas Morris, deceased, a person of sound or unsound mind at the time he executed the will mentioned in the plaintiff's complaint?"

Without deciding whether it would be proper to require the jury to answer such an interrogatory as this when properly asked, it is sufficient to say in this case that the record does not disclose when the court was asked to submit this. For anything that appears from the record, this may have been asked after the jury had been fully instructed and had retired to consider of their verdict, and may have been refused for that reason. Everything is to be presumed in favor of the action of the trial court. *Binford* v. *Miner*, 101 Ind. 147; *Railsback* v. *Walke*, 81 Ind. 409.

The instructions, we think, fairly state the law of the case as made by the evidence, and the evidence tended to support the verdict of the jury. We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed June 18, 1889.