## MISSISSINEWA MINING COMPANY *v.* ANDREWS.

[No. 3,525. Filed March 13, 1902.]

APPEAL AND ERROR.—*Inspection of Records.*—The Appellate Court may inspect the records of the court at the suggestion of counsel, or without any suggestion, and make use of the information thus gained in the decision of a pending cause. *pp. 496, 497.*

SAME.—*Law of Case.*—Where the only substantial difference between an amended complaint and the original which was held sufficient as against a demurrer on a former appeal was the omission of plaintiff's wife as a party plaintiff, the decision of the former appeal is the law of the case. *pp. 496, 497.*

From Grant Superior Court; *Hiram Brownlee*, Judge.

Action by Robert Andrews against the Mississinewa Mining Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*A. E. Steele* and *J. A. Kersey*, for appellant.
*O. L. Cline,* for appellee.

BLACK, J.—It is assigned as error that the amended complaint does not state facts sufficient to constitute a cause of action. Upon suggestion of counsel for the appellee, we have examined the record on appeal on file in the office of the clerk of this court in cause No. 2,864, *Mississinewa Mining Co.* v. *Andrews*, 22 Ind. App. 523 and we find it to be the cause now again before us. On the former appeal the overruling of a demurrer to the complaint, for want of facts, was assigned as error, and this court held the complaint to be sufficient on demurrer. Afterward, in the court below, the cause was dismissed as to one of the plaintiffs, wife of the appellee, and an amended complaint was filed by the appellee. Upon comparison of the amended complaint now questioned for the first time on appeal with the original complaint, the sufficiency of which on demurrer was questioned on the former appeal, we find no substantial difference, except that, in accord with the suggestion of this court, the wife of the appellee was not made a party plaintiff

in the, amended complaint. That we may thus inspect the records of this court, at the suggestion of counsel, or without any suggestion, and may so make use of the information thus gained in the decision of a pending cause, see *Cluggish* v. *Koons*, 15 Ind. App. 599, 609.

If the complaint was sufficient on demurrer, it could not be regarded as insufficient when first questioned on appeal. The decision on the former appeal, whether right or wrong, remains the law of this case.

Judgment affirmed.