## TOWLES ET AL. *v.* McCURDY ET AL.

[No. 20,330. Filed May 24, 1904.]

WILLS.—*Confidential Communications to Physician.*—Where probate of a will was resisted on the grounds of insanity, undue execution, and undue influence, the heirs can not introduce in evidence over the objections of devisees the testimony of the family physician as to communications made to him by the testator, as his patient, in the course of his professional business, and facts learned or observed by him as such physician. *pp. 13–16.*

SAME.—*Setting Aside Submission.*—Where formal proof of the execution of a will was offered, and, before probate thereof, the contestants filed objections to such probate, no objections being made by contestees, a motion to set aside the submission of the cause and admit the will to probate was properly overruled. *pp. 16, 17.*

From the Hendricks Circuit Court; *T. J. Cofer,* Judge.

Action by Mary E. McCurdy against Julia A. Towles and others to set aside the will of Elijah M. Tinder, deceased. From a judgment for plaintiff, two defendants appeal. *Reversed.*

*G. W. Brill, G. C. Harvey, R. W. McBride, C. S. Denny* and *G. L. Denny,* for appellants.

Towles *v.* McCurdy.

*E. G. Hogate* and *J. L. Clark*, for appellees.

DOWLING, J.—A writing purporting to be the will of Elijah M. Tinder, deceased, was duly presented for probate in the Hendricks Circuit Court, February 24, 1902. No action was taken in the matter, but on February 26, 1902, Mary E. McCurdy, one of the appellees, prior to the admission of the supposed will to probate, filed her objections thereto in the manner and form required by the statute. The grounds upon which the probate was resisted were alleged unsoundness of the mind of the said Elijah M. Tinder, that the said will was unduly executed, and that it was executed under undue influence. Process was issued for the appellant Julia A. Towles, and was served upon her. No further proceedings were taken in the cause until October 18, 1902, when William H. Tinder, one of the defendants, filed a disclaimer, so-called. Two days afterward the other defendants, Julia A. Towles and Edward E. Tinder, filed an answer in denial. The cause was tried by the court without a jury, and a finding was made against the validity of the will. Judgment was rendered refusing the probate thereof. The appellants moved to set aside the submission of the cause and to render judgment that the will be admitted to probate. Their motion was overruled. They asked for a new trial, and this motion also was overruled. Error is assigned upon these decisions.

1. The specific error of law assigned as a reason for a new trial was the ruling of the court admitting the testimony of Dr. C. A. White, the physician of the decedent, concerning the physical and mental condition of his patient, and as to various facts relating thereto, observed and learned by the physician while treating the decedent during his last illness and on former occasions. The contest over the will was between the children of the decedent, one of whom, Edward E. Tinder, was the sole legatee and devisee named in that instrument.

The point is made by counsel for appellants that the witness was not competent to testify to any fact of which he acquired knowledge in his capacity as a physician while treating or attending upon the decedent. The general rule of the incompetency of physicians as witnesses under such circumstances is admitted by the appellees, but their counsel contend that as this is a controversy between the heirs and devisees of the decedent, all of whom claim under him, the rule does not apply. The provision of the statute is in these words: "The following persons shall not be competent witnesses: * * * Fourth. Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases." §505 Burns 1901. Communications from a patient to his physician were not privileged at common law, but they have been made so by statute in many jurisdictions. 23 Am. & Eng. Ency. Law (2d ed.), 88, and cases cited in note 7. The construction given to the statute forbidding the disclosure in evidence against the will of the patient of communications made to the physician in the course of his professional business has been much broader than the language of the act, and the prohibition has been held to include not only communications and advice, but all information acquired by the physician while treating or attending the patient in his professional capacity. In *Masonic, etc., Assn.* v. *Beck* (1881), 77 Ind. 203, 209, 40 Am. Rep. 295, in commenting on the proposition of counsel that the statute applied only to matters confided to the physician, this court said: "We think the statute ought to have, and was designed to have, a much broader scope. The relation of physician and patient, no matter what the supposed ailment, should be protected as strictly confidential, subject only to the right of the patient to waive the restriction; or, if the patient shall have died, then subject to the choice of the party who may be said to stand in the place of the deceased, and whose interests may be affected by the pro-

posed disclosure.   His admission to the bedside of the sick one may enable the experienced and skilful practitioner to discern more of the patient's condition and of the cause which brought it about, than the patient himself could tell, or would be willing to reveal; and whether, therefore, the information which he gets is obtained in one way or the other should make no difference in the application of the rule."   Upon the authority of this and many other similar decisions in this State, it must be regarded as settled that the prohibition of the statute (subject to the qualification that the objection founded thereon may be waived by the patient himself, or by those who represent him) extends to all communications made by patients to physicians in the course of their professional business, to all advice given, and to all information acquired by the physician, by observation or otherwise, by means of his professional relation to his patient and in his professional intercourse with him. All that the physician sees or observes is as fully within the statute as matters which are communicated to him by his patient.

The testimony objected to by the appellants related to facts discovered and information obtained by the witness while visiting and treating, or being consulted by, the decedent, as his physician.   It follows from what has been said that the witness was not competent to testify concerning these matters, unless the objection to the evidence was waived by those who stood in the place of the decedent, and were authorized to represent him, or, unless the statutory rule does not extend to cases where the controversy is among heirs and devisees over testamentary dispositions.   For obvious reasons, when the controversy is among heirs and devisees, the set of such heirs or devisees who strive to overthrow the will can not, for their own benefit, and against the wishes of the other set, who desire to sustain it, waive the objection to evidence otherwise incompetent, to the detriment of the interests of those who seek to establish the will.

The words of the statute declaring attorneys incompetent to testify as to confidential communications made to them in the course of their professional business, and as to advice given in such cases, are almost the same as those relating to physicians.

It was held in *Kern* v. *Kern* (1900), 154 Ind. 29, that the rule in regard to confidential communications made to attorneys does not apply to testamentary dispositions where the controversy is between the heirs and devisees of the testator. The supreme court of Missouri, in *Thompson* v. *Ish* (1889), 99 Mo. 160, 12 S. W. 510, 17 Am. St. 552, held that a like exception should be made as to the testimony of physicians. The same view was taken by the supreme court of Iowa in *Winters* v. *Winters* (1897), 102 Iowa 53, 71 N. W. 184, 63 Am. St. 428. See, also, *Russell* v. *Jackson* (1851), 9 Hare 387, and Hageman, Privileged Com., §86.

This court, however, in *Brackney* v. *Fogle* (1901), 156 Ind. 535, expressly decided that the rule announced in *Kern* v. *Kern, supra,* did not apply to the testimony of physicians, and that even where the controversy was confined to the heirs and devisees of the decedent the physician of the decedent was incompetent to testify in regard to communications made to him by his patient, or facts learned by him in the course of his business as such physician. According to that case, the evidence admitted was not competent, and the court erred in overruling appellants' objections to it.

2. It appears from the statement of the facts of this case that, while the will of the decedent, with the formal proofs of its execution, was presented to the court February 24, 1902, no action was taken at that time, nor was the court asked by appellants to proceed further with the matter. The objections of the appellee Mary E. McCurdy to the probate of the will were filed prior to its probate, and this was all that the statute required.

The failure of the appellants to demand that the court should act upon the proofs, and admit the will to probate when it was presented, and their apparent acquiescence in the subsequent delay, authorized the filing of objections to the probate of the will while the proceedings remained in that situation. It is also to be observed that the appellants made no objection to the filing of the statement of the grounds of contest of the will, and, having failed to interpose any objection at that time, they could not afterwards be heard to say that the statement was not filed within the time fixed by the statute. The motion to set aside the submission of this cause and to admit the will to probate was properly overruled.

The court erred in admitting the testimony of the physician, Dr. C. A. White, as to communications made to him by the deceased, as his patient, in the course of his professional business, and facts learned or observed by him as such physician, and the motion for a new trial should have been sustained.

Judgment reversed, with directions to the court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Hadley, J., did not participate in this case.