## SCOTT *v.* SMITH.

[No. 21,350.   Filed October 16, 1908.   Rehearing denied December 17, 1908.]

1. WITNESSES.— *Competency.— Decedents' Estates.— Claimants.— Administrators' Bonds.—Actions On.*—In an action upon an administrator's bond for his violation of §2840 Burns 1908, Acts 1883, p. 151, §10, providing that if an administrator fails to make proper defenses against claims filed, he shall be liable upon his bond, the claimant is not a competent witness, in the administrator's behalf, as to facts showing the validity of the claim allowed.   p. 455.

2. SAME.—*Competency.—Claimants.—Decedents' Estates.—Administrators.—Petitions to Remove.*—In a proceeding to remove an administrator, under §2762 Burns 1908, Acts 1883, p. 151, §2, providing, among other reasons, for such removal, in case of waste, a claimant is not an incompetent witness under §521 Burns 1908, §498 R. S. 1881, providing that where an administrator is a party and a judgment may be rendered against the estate, any party to the issue or record shall be incompetent as a witness. p. 455.

3. EXECUTORS AND ADMINISTRATORS.— *Proceeding to Remove.— Costs.—Decedents' Estates.*—The mere upholding, on a petition for removal, of the right of an administrator to serve, is not

conclusive of his right to tax his costs in such proceeding against the estate, such right depending upon whether such administrator's conduct was such as would reasonably justify the proceeding to remove. p. 456.

4. EVIDENCE.—*Overruling Objections to.*—*Practice Concerning.*— *Interjecting Questions.*—*Effect.*—Where objection was made to a question and the objection overruled, an exception being taken, the proper practice is for the stenographer to read the question, but where the attorney directs the witness to "go on, state what condition you found him in on the first visit," no objection being made and no exception reserved, the Supreme Court will not consider the interjected request as a new question, since the same information was sought in each instance. p. 456.

5. SAME.— *Privileged.— Physicians.—Waiver.—Witnesses.—Administrators.—Proceeding to Remove.*—In a proceeding to remove an administrator, the physician who attended decedent is not competent to testify as to facts concerning decedent, learned professionally (§520 Burns 1908, §497 R. S. 1881), and the administrator, in such proceeding, cannot waive the provisions of such statute. p. 457.

6. DECEDENTS' ESTATES.— *Administrators.— Overpaying Attorneys.* —*Remedy.*—The overpayment of his attorney, in good faith, by the administrator, should be corrected when the administrator makes his report. p. 457.

7. EXECUTORS AND ADMINISTRATORS.—*Loaning Trust Funds.—Proceeding to Remove.—Discretion.*—The trial court's refusal to discharge an administrator for loaning a small amount of the trust funds is not an abuse of discretion, where the sum loaned was repaid with interest. p. 457.

From Hancock Circuit Court; *Samuel A. Wray,* Special Judge.

Petition by Charles E. Scott against James L. Smith. From a judgment for defendant, petitioner appeals. Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10. *Reversed.*

*James E. McCullough* and *William C. Welborn,* for appellant.

*William W. Cook* and *Charles H. Cook,* for appellees.

GILLETT, C. J.—Proceeding by appellant to remove appellee as administrator of the estate of Isaac N. Scott, de-

ceased. There was a hearing, which resulted in a finding and judgment for appellee. The most substantial matter of complaint relative to the conduct of said administrator relates to the allowance and payment of a claim filed by Nancy J. Morris, in the sum of $1,600, for washing, mending, care and attention of deceased during a period of years.

It is contended on behalf of appellant that under §521 Burns 1908, §498 R. S. 1881, said Nancy J. Morris was not a competent witness to testify to facts showing the

1. validity of her claim. If this were a case wherein the question was presented, as between the administrator and the estate, as to whether his bond should be held liable, under §2840 Burns 1908, Acts 1883, p. 151, §10, for a failure to make due inquiry into the validity of the claim, or to make all available defenses thereto, we should not doubt the incompetency of the witness under §521, *supra,* since it is entirely clear that the administrator could not, by the making of an improper payment, render a witness competent who would have been incompetent had the validity of the claim been contested. *Clift* v. *Shockley* (1881), 77 Ind. 297. The administrator would occupy no better position than the assignee of the claim, and in such a case he would be in the attitude of seeking to take advantage of his own wrong. This proceeding, however, was simply for the removal of the administrator, under §2762

2. Burns 1908, Acts 1883, p. 151, §2, and was waged by a third person, on the ground that he was interested in the estate. In a proceeding of this character, whatever the result, it cannot be that ''a judgment or allowance may be made or rendered for or against the estate.'' This is one of the conditions annexed to the provision of incompetency of certain persons as witnesses under §521, *supra,* and as the inquiry concerning the validity of the claim came up in a proceeding wherein it could not be said that, in form or substance, a judgment or allowance could be rendered for or against said estate, we hold that said wit-

ness was not disqualified by the statute. We may observe in passing that we have considered. whether the upholding of the administrator might affect the matter of allowing him for the costs and expenses of making the contest, and

3. we are of opinion that it would not. The determination of the question of removal might be largely controlled by the consideration of whether there was a *devastavit* in fact, while, in the determination of the question of making him an allowance for costs and expenses (if there is any such right), the question would be whether his conduct was such as reasonably to justify the institution of the proceeding to remove him. See *In re McGillivray* (1893), 138 N. Y. 308, 33 N. E. 1077; *Moses* v. *Moses* (1873), 50 Ga. 9.

Appellant further complains of the action of the court in permitting a physician to testify, on behalf of appellee, to facts ascertained by the witness, while acting in his

4. professional capacity, as to the physical condition of the deceased for some time before his death. The witness was asked to state what was the matter with deceased on the occasion of witness's first visit. It having appeared by a question interjected by appellant's counsel that the visit was a professional one, the latter duly objected. The objection was overruled, an exception was reserved, and then appellee's counsel said to the witness: "Go on, state what condition you found him in on the first visit." Regularly, the course which should have been taken would have been to read the pending question to the witness, and it was improper for appellee's counsel to interject the request stated; but, inasmuch as it may fairly be assumed that the witness was proceeding to answer the question, under the prompting to "go on," and that essentially the same information was sought in each instance, we have concluded that the interjected request should not be considered as a new question, particularly since it would be unfair to give appellee the benefit of an irregularity in the presentation of

NOVEMBER TERM, 1908.    457

Lake Shore Sand Co. *v.* Lake Shore, etc., R. Co.—171 Ind. 457.

the question which his own counsel had created. Counsel for appellee seek to justify the action of the court on the ground that the administrator might waive the privilege. The limitation found in the fourth subdivision of §520 Burns 1908, §497 R. S. 1881, is personal to the patient; and while his personal representatives may, in some instances, waive the privilege, yet it can only be in cases wherein it can be said that they are thereby seeking to protect or conserve the interests of the estate. In this case appellee was seeking to use the testimony merely to resist the application to remove him as administrator, and for such a purpose he did not enjoy the right of waiver. *Heaston* v. *Krieg* (1906), 167 Ind. 101, 119 Am. St. 475. And see *Brackney* v. *Fogle* (1901), 156 Ind. 535. Because of the error in the admission of this testimony the judgment must be reversed.

Complaint is made of the action of appellee in paying an attorney's fee of $100, and in loaning $200 to said Nancy J. Morris, which latter sum was afterwards repaid with interest. If the amount paid the attorney was excessive, it should, in the absence of bad faith, be corrected when the administrator reports, and, as to the loan, we are unable to say, since there was only a technical *devastavit*, that there was an abuse of discretion in refusing to remove appellee on that ground. *Williams* v. *Tobias* (1871), 37 Ind. 345.

Judgment reversed, and a new trial ordered.