## STUDABAKER *v.* FAYLOR ET AL.

[No. 7,592.　Filed April 25, 1912.　Rehearing denied June 27, 1912.
Transfer denied January 22, 1913.]

1.　WITNESSES.—*Communications to Physician.—Waiver of Privilege.*—The privilege conferred by §520 Burns 1908, §497 R. S. 1881, on communications by a patient to his physician, may be waived by the patient, or by those who stand in his place, or are authorized to represent him.　p. 172.

2.　WITNESSES.— *Competency.— Privileged Communications.— Communications to Physicians.—Waiver of Privilege.—Failure to Object.*—The privilege conferred by §520 Burns 1908, §497 R. S. 1881, on communications by a patient to his physician, is waived where the witness has been permitted without objection to testify at a former trial as to matters learned in such communications. p. 172.

3.　APPEAL.—*Review.—Right to Search Record of Former Appeal.*—Appellate courts may search their own records on their own motion or the suggestion of counsel, and, while they may not go to the record of a former appeal in the same cause to compare the probative force of evidence given, they may look to such record in order to ascertain that a witness testified without objection to matters sought to be excluded in the pending appeal.　p. 173.

4.　WITNESSES.—*Privileged Communications.—Communications to Physician.—Waiver.—Persons Entitled to Waive Privilege.*—The right to waive the privilege of confidential communications after the death of the patient, in litigation affecting the estate, is lodged in those who represent and stand in the place of decedent, and the waiver may be express, or implied from the conduct of such persons in standing by and permitting the testimony to be given without objection.　p. 174.

From Adams Circuit Court; *J. T. Merryman,* Judge.

Action by Thomas Faylor and others against David D. Studabaker.　From a judgment for plaintiffs, the defendant appeals.　*Affirmed.*

*Eichhorn & Vaughn, Lesh & Lesh, D. E. Smith* and *John Burns,* for appellant.

*Mack & Sons, D. D. Heller & Son, C. J. Lutz, R. W. Stine* and *Simmons & Dailey,* for appellees.

IBACH, P. J.—Appellees, all the heirs of Catherine Faylor, deceased, sued appellant to set aside a deed of conveyance of real estate made to appellant by Catherine Faylor, on the grounds that she was insane when the deed was made and that the conveyance was obtained through fraud of appellant. They also asked that their title be quieted to this real esate, and they be put in possession.

This appeal is taken on a reserved question of law as to the correctness of the court's action in allowing Dr. Cook, a witness at the trial, to testify, over the objection and exception of appellant, as to information gained as a physician while treating Mrs. Faylor.

Section 520 Burns 1908, §497 R. S. 1881, provides that physicians shall not be competent witnesses as to matters communicated to them as such by patients, in the course of their professional business, or advice given in such cases. This privilege may be waived by the patient, or those who stand in his place or are authorized to represent him. *Towles* v. *McCurdy* (1904), 163 Ind. 12, 71 N. E. 129; *Heaston* v. *Krieg* (1906), 167 Ind. 101, 77 N. E. 805, 119 Am. St. 475; *Morris* v. *Morris* (1889), 119 Ind. 341, 21 N. E. 918. The reason for this statute is that communications may be made in the relation of physician and patient which a due regard for the privacies and decencies of life should protect from being exposed to the public. This privilege may be waived, and when the matters have been once published to the world, no reason remains to hold the privilege in force. The statute was not enacted to enable persons to avoid liability or to win a suit by making it difficult to obtain evidence, but was made in order to allow them to prevent certain private affairs from becoming public property. So it has been held in this State and other states that when a witness has been permitted, without objection, in a former trial to testify to privileged communications, the bar of privilege is waived, and the testimony cannot be excluded on that ground at a

subsequent trial. *Pittsburgh, etc., R. Co.* v. *O'Connor* (1909), 171 Ind. 686, 693, 85 N. E. 969, and cases cited; *Elliott* v. *Kansas City* (1906), 198 Mo. 593, 96 S. W. 1023, 6 L. R. A. (N. S.) 1082, 8 Ann. Cas. 653 and note; *People* v. *Bloom* (1908, 193 N. Y. 1, 85 N. E. 824, 18 L. R. A. (N. S.) 898, 127 Am. St. 931, 15 Ann. Cas. 932.

This case was appealed to this court before and was transferred to the Supreme Court. See *Studabaker* v. *Faylor* (1908), 170 Ind. 498, 83 N. E. 747, 127 Am. St. 397. On referring to the record in that appeal, we find that Dr. Cook was permitted at that trial, without objection from any one, to testify to information gained while a professional relation existed between him and Mrs. Faylor. We do not need in this case to decide whether appellant had any right to object to his testimony on the ground of privilege, though many authorities uphold the doctrine that he had not, since he is not the personal representative of Mrs. Faylor *(Lockwood* v. *Lockwood* [1887], 56 Conn. 106, 110, 14 Atl. 293), and the privilege is personal. 3 Wigmore, Evidence §§2192, 2196; 4 Wigmore, Evidence §§2320, 2386. If appellant had the right to object to the admission of the evidence, such right has been waived by failure to object at the former trial, thus permitting the communications to become public.

Appellate courts may search their own records on their own motion or the suggestion of counsel. While we may not go to the record in a former appeal in order to 3. compare the probative force of the evidence there given with that given in the later trial *(Cleveland, etc., R. Co.* v. *Wynant* [1893], 134 Ind. 681, 34 N. E. 569), yet we may look to the record in a former trial and appeal of the same case in order to ascertain that a witness testified without objection to the same matters now sought to be excluded. *Hancock* v. *Diamond Plate Glass Co.* (1906), 37 Ind. App. 351, 75 N. E. 659; *Cluggish* v. *Koons* (1896), 15 Ind. App. 599, 43 N. E. 158; *Denney* v. *State, ex rel.*

(1896), 144 Ind. 503, 42 N. E. 929, 31 L. R. A. 726; *Mississinewa Min. Co.* v. *Andrews* (1902), 28 Ind. App. 496, 63 N. E. 231; *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788.

Furthermore, under authorities above cited, the right to waive the privilege of confidential communications, after the death of Mrs. Faylor, in litigation affecting her estate, was lodged in those who represented her and stood in her place. Even if appellant could be considered her representative, he has, as we have seen, waived his right to object. It is generally conceded that heirs may waive this privilege. 4 Wigmore, Evidence §2391. However, the heirs or devisees seeking to overthrow a will may not waive it as against other heirs or devisees. *Towles* v. *McCurdy, supra.* In the case at bar all the heirs were plaintiffs, and they not only called Dr. Cook to testify, but the record in the present appeal shows that all of them expressly waived the privilege. It is unquestioned that the administrator has the power to waive the privilege in order to conserve the interests of the estate. *Scott* v. *Smith* (1908), 171 Ind. 453, 85 N. E. 774. The administrator of decedent's estate, though not a party to the suit, was present at the trial, testified, and likewise expressly waived the privilege. All the persons in whom there could be a right to insist on the privilege have either expressly waived the privilege, or have impliedly waived it by standing by and allowing the testimony to be given.

As before said, when once the matters ascertained in a privileged relation are published to the world without objection, no reason remains to uphold the bar of privilege. This suit was instituted nearly ten years ago, and the cause has been four times tried, and twice appealed. It seems to us that no good purpose would be served by a further trial, and that justice demands an end of litigation in this cause.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 318. See, also, under (1, 4) 40 Cyc. 2397. As to when a physician may testify as to matters learned in the practice of his profession, see 17 Am. St. 565. As to the effect of the waiver of a privileged communication at one trial on the right to claim the privilege at a subsequent trial, see 8 Ann. Cas. 660; 15 Ann. Cas. 935.