## PING *v.* INDIANAPOLIS SOAP COMPANY.

[No. 26,165,   Filed March 28, 1933.   Rehearing denied
March 7, 1934.]

*J. S. Fenstermacher, Earl J. Wynn, Baker & Daniels, Joseph J. Daniels,* and *Paul N. Rowe,* for appellant.

*Hanna & Dailey, Walter Myers, F. H. McIntosh,* and *Donald L. Smith,* for appellee.

Roll, J.—Rubin Ping, by his next friend, instituted this action against the Indianapolis Soap Company, Incorporated, to recover damages for personal injuries received by him while employed by appellee to work in its soap factory.

Appellant's complaint is in three paragraphs. The first paragraph is based on the alleged violation of the compulsory education act, Acts 1921, p. 337, ch. 132, §6448 et seq., Burns 1926, as amended Acts 1929, p. 246, ch. 76, §28-501 et seq., Burns Ind. Stat. Ann. 1933, §6693 et seq., Baldwin's Ind. Ann. Stat. 1934. The second paragraph is based on alleged negligence of appellee in failing to warn and properly instruct appellant in the operation of the machine, which appellant was employed to operate. The third paragraph is based on alleged negligence of appellee in failing to properly guard the machine.

Appellee filed answer to the complaint in general denial. Upon the issues thus joined, the case was presented to a jury, and at the close of appellant's evidence, the court, upon request of appellee, instructed the jury to return a verdict in favor of appellee, which it did, and the court rendered judgment thereon accordingly.

Appellant filed his motion for a new trial, which was overruled by the court, which action is assigned as error in this court.

Appellant's first paragraph of complaint alleges, in substance, that he was employed by appellee on August 26, 1929, at which time he was under eighteen years of

age. That he was employed to operate a machine used for trimming and stamping cakes of soap. That in operating said machine he was forced to and did reach for an unfinished bar of soap with his left hand as the stamp and knife moved upward, remove the finished bar of soap with his right hand, and place the unfinished bar beneath the knife and stamp with his left hand before said knife and stamp came down again. That by doing so he was forced to place his hand under the knife and stamp in such a position that should the knife and stamp come down while his hands were in such position they might be stamped off. That on August 31, 1929, while operating said machine he failed to remove his left hand from beneath the stamp and knife in time, and the stamp and knife moved down and cut off two phalanges of his index finger.

That at no time prior to said accident did appellee make any effort to learn the age of appellant nor demand any certificate of age, schooling, or physical fitness. That appellee did not secure nor place on file in their office a certificate from the issuing officer of the school board, showing the right to employ appellant.

The second paragraph alleges in substance the same facts as to the age, employment, and the operation of the machine and the injury sustained as he alleged in his first paragraph, and in addition thereto says that appellee knew he was inexperienced, and knew the danger in operating the machine, but carelessly and negligently failed to warn and instruct him of said danger, but negligently permitted him to operate said machine after appellee knew he was an incompetent person to work around machinery.

The third paragraph is the same as the first and second as to the facts of employment, the operation of the machine, and the injury, but charges negligence on the

part of appellee in failing to guard said machine although said machine might have been operated successfully with a guard.

Appellant in his brief discusses two errors of the court; first, the giving of the peremptory instruction, and second, in excluding certain evidence offered by appellant. As to the second error, appellant called as one of his witnesses J. S. Fenstermacher, one of the attorneys for appellant who was questioned concerning his experience in working in factories, and around machinery similar to the machine operated by appellant at the time of his injury, and after testifying as to his experience with punch presses, making tools, operating lathes, jigs and pistons, he was asked the following question: "In your opinion, Mr. Fenstermacher, could that machine have been guarded without impairing the use of the machine?" Appellee's objection to the question was sustained by the court, to which ruling appellant excepted. It is urged by appellant that this was reversible error. To this we cannot agree, for the reason, no offer to prove was made, and it has been many times decided by this court that a ruling by the court sustaining an objection to a question put to a witness will not be reviewed in the absence of an offer showing what the party expected to prove. *Morris* v. *Morris* (1889), 119 Ind. 341, 21 N. E. 918; *Bichof* v. *Mikels* (1897), 147 Ind. 115, 46 N. E. 348; *Williams* v. *Chapman* (1903), 160 Ind. 130, 66 N. E. 460.

The other error discussed by appellant, and relied upon for reversal, is the giving of the peremptory instruction at the close of appellant's evidence. The evidence introduced by appellant tended to prove the following facts. That appellant lived with his mother in the state of Kentucky until the month of June, 1929, at

which time he left home and came to Indianapolis to look for work; that on August 26, 1929, he was employed by appellee to work in its factory, and was assigned to a machine designed to cut and stamp soap. The machine was operated with the foot, and consisted in part of two plates, one above and one below. The soap is placed in the machine with the left hand, then the foot is pressed down and the plates come together and press the name on the soap. Appellant was shown by the superintendent and foreman how to operate the machine and was told to be careful not to get his hand caught under the plates. That the superintendent spent an hour each morning for almost a week instructing appellant how to operate this machine before he went to work on August 26. He continued in appellee's employment till about 10:30 o'clock A. M. on August 31, 1929, at which time, and while operating said press, he got his left index finger caught between the plates and it was cut off at the second joint. He was taken to the hospital where his injury was treated and dressed, and a report of the same was made out and sent to the insurance company; that he was paid for his services, but never reported back for work after he was injured. That other persons had been injured while operating this machine in a similar way. That no certificate, from any issuing officers, as defined and set out in §19, Acts 1921, p. 337, as amended Acts 1929, p. 246, was ever issued to appellee nor was any such certificate ever demanded by appellee or received by it.

Appellant insists that he comes within the provisions of §6466, Burns Supp. 1929, Acts 1921 p. 337, as amended Acts 1929, p. 246, commonly known as the Compulsory Education Act, and that under the provisions of said act he is entitled to recover on his first paragraph of

complaint. Sec. 19 of said act (§28-519, Burns 1933, §6712, Baldwin's 1934), reads in part as follows:

> "It shall be unlawful for any person firm or corporation to hire or employ or permit any minor between the ages of fourteen and eighteen years to work in any gainful occupation until such person, firm or corporation shall have secured, and placed on file in the office of such person, firm or corporation, a certificate issued by the issuing officer as hereinafter defined, of the school corporation in which said minor resides."

Section 6475, Burns St. 1926, §28-528, Burns 1933, §6721, Baldwin's 1934, provides:

> "In all actions for damages for personal injuries by any minor or by his parent, guardian or personal representative, because of his being employed, retained in employment, required or permitted to work in violation of any provision of sections 18 to 28, inclusive, of this act, the employer shall not be permitted to defend upon the ground that such minor had assumed any risk of the employment, or that the injury was due to the negligence of a fellow servant, or to the contributory negligence of such minor. In any such action, it shall be sufficient to allege and prove that such minor was employed, retained in employment, required or permitted to work in violation of any provision hereof, and that the injury arose out of such employment or the performance of such work.

Appellant's first paragraph of complaint and the evidence presented was sufficient to support a verdict in favor of appellant provided he is entitled to avail himself of the provisions of said act. Appellee contends that the appellant being a non-resident of this state and not being subject to the provisions of said act relating to compulsory school attendance he does not come within the provisions of said act; that said act only applies to minors living in Indiana, and who are controlled and governed by the compulsory educational pro-

visions of said act. Appellant on the other hand contends that §19 of said act is general in its scope, and embraces all minors under eighteen years of age, who are employed in violation of any of its terms.

Section 9409, Burns 1926, §40-901, Burns 1933, commonly known as the factory act, among other things, provides:

> ". . .; and it shall be unlawful for any proprietor, agent, foreman or other person connected with a manufacturing or mercantile establishment, mine, quarry, laundry, renovating works, bakery or printing office to hire or employ any young person to work therein without there is first provided and placed on file in the office an affidavit made by the parent or guardian, stating the age, date and place of birth of said young person; if such young person have no parent or guardian, then such affidavit shall be made by the young person, which affidavit shall be kept on file by the employer, and said register and affidavit shall be produced for inspection on demand made by the inspector appointed under this act."

Section 9427, Burns Ann. St. 1926 (§40-1015, Burns 1933, §10075, Baldwin's 1934), being a part of the original Act of 1899, Acts 1899, p. 231, defines the word "young person" as a person of the age of fourteen years and under the age of eighteen years. This act is general and unlimited in its scope. It declares the general policy of the state in respect to child labor. It has for its purpose the protection of minors generally, both resident and non-resident from working in factories, shops and other establishments except they comply with the restrictions therein set out. It also seeks to protect adult labor from the encroachment and competition of child labor. There is no limitations to the scope of its provisions, and under its terms it is unlawful for the persons, therein designated, to employ any young per-

son, unless and until the designated requirements have been fulfilled.

If sections 6466 to 6479,[1] be construed as applying to all young persons, employed contrary to its provisions, then we have two statutes covering the same subject matter, and the latter act repeals the former act, for by the express provisions of §6477, Burns 1926, all laws and parts of laws in conflict herewith are hereby repealed. It is our duty to harmonize both statutes if possible so both may stand, and give effect to each. The compulsory education statute had as its object the compulsory attendance of school of all children in the state who are physically and mentally fit. The first seventeen sections of this act are devoted to providing the method of compelling children, coming within the scope of its provisions, to attend the public schools and of course can only apply to the children of Indiana. A minor of school age living in another state and coming into this state for the purpose of securing work would not be subject to the various provisions of the compulsory education law; he would not be enrolled on the records of the school corporation wherein he resides and counted for the purpose of determining the number of school districts to be formed nor in determining the number of attendance officers to be appointed, nor would he be reported as absent from school or in need of books, or in need of clothing or parental care, for the purpose set forth in said act. The remaining sections have to do with employment of minors, regulating the number of hours they might be employed per day, designating the kind of labor they may engage in, and placing restrictions upon employers of minors. The general purpose of these restrictions is to keep the

Note 1. Burns 1926 (for amended §§6466 & 6468, see same section numbers, Burns Supp. 1929); §§28-501 to 28-531, Burns Ind. Stat. Ann. 1933; §§6712-6724, Baldwin's Ind. Ann. Stat. 1934.

school authorities in closer touch with the school children of the state, so that those whose duty it is to enforce school attendance may more efficiently perform their duties, and does not have for its object the regulation of child labor as such. In the case of *State* v. *Steinwedel* (1932), 203 Ind. 457, 180 N. E. 865, it was said:

"An examination of the body of the act discloses that two immediate objects, one to keep minors in school until they have reached certain ages or have completed specified amounts of school work, and the other to prevent employment of minors during that period of their lives when employment will most seriously interfere with their school attendance and injuriously affect their health. It is apparent that the problems of school attendance and employment of minors are intimately connected; and both are vitally related to the ultimate objective of promoting the mental and physical welfare of minors."

By thus construing the Compulsory Education Act no violence is done to its terms, and it does not conflict in any manner with the Factory Act, regulating the employment of minors. The two acts when thus construed may stand and thus accomplish the manifest legislative intention of both statutes.

Inasmuch as appellant was a non-resident, and therefore not eligible to attend our schools, he could not furnish a certificate from the issuing officer, if requested so to do. We are of the opinion that appellant does not come within the scope of the compulsory statute, but must resort to his action at common law and the provisions of the Factory Act for his relief.

Appellant contends that the evidence was sufficient under his second paragraph of complaint to require the submission of the facts to the jury. This paragraph is based on the alleged failure of appellee to properly warn appellant of the danger in

operating the machine, and failing to properly instruct appellant in the use thereof. The evidence on this point is uncontradicted, and instead of supporting these averments, they completely disprove them.

As to appellant's third paragraph of complaint, there is no evidence whatever to support the charge therein contained.

Appellee in its brief raises the question of the constitutionality of the compulsory educational statute herein referred to, on the ground that said act contains two subjects, contrary to §19 art. 4 of our state constitution. This question was recently decided adversely to appellee's contention in the case of *State* v. *Steinwedel, supra,* and upon authority of that case we hold that said act is not unconstitutional.

We find no reversible error. Judgment affirmed.