[Kraft v. Lohman.]


# Kraft *v.* Lohman.

*Bill in Equity by Wife, to remove Husband as her Trustee.*

1. *Removal of husband as trustee of wife's estate.*—On the testimony in this case, showing that the husband had permanently abandoned his wife, wasted her income by consuming it for his own personal use, grossly disregarded his fiduciary duties, was profligate and unfit for the discreet management of her property, the chancellor properly removed him as her trustee (Code, §§ 2717, 2728-9); and the character of her estate, whether statutory or equitable, is immaterial.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN. A. FOSTER.

The bill in this case was filed on the 4th March, 1885, against Peter Kraft, by his wife, who called herself Augusta Lohman, and who sought to remove him from the trusteeship of her statutory estate, and to enjoin him from interfering in any manner with her property. The bill alleged that the parties were married in 1866, but lived together only about three weeks, when the defendant abandoned his .wife; that he had never contributed to her support, and had no regular business or employment; that he had never attempted to interfere with the management of her property, until within one year before the filing of her bill in this case, when he was made a party to a suit which she had instituted against Mrs. Louisa Bolman; that he then collected the interest due to her by the terms of the mortgage sought to be foreclosed in that case, and used and squandered it for his own personal uses. On final hearing, on pleadings and proof, the chancellor held the complainant entitled to relief, and rendered a decree according to the prayer of the bill; and his decree is now assigned as error.

R. P. DESHON, for appellant.—The defendant took no testimony, because the complainant failed to make out her case. She alleged that she owned a statutory estate, and that the defendant was wasting and squandering it; but her proof shows that the money loaned to Mrs. Bolman was her earnings during coverture, which belonged to her husband.—*Gordon, Rankin & Co. v. Tweedy*, 71 Ala. 214.

OVERALL & BESTOR, and L. H. FAITH, *contra*, cited *Boaz v. Boaz*, 36 Ala. 339; *Sloan v. Frothingham*, 72 Ala. 589; *Smith v. Oliver*, 31 Ala. 39; *Mead v. Hughes*, 15 Ala. 146; 17 Serg. & R. 130.

[Strauss & Steinhardt v. Harrison.]

SOMERVILLE, J.—It is entirely immaterial what may be the character of the wife's separate estate, described in the bill in this case—whether equitable or statutory, the action of the chancellor in removing the husband from the trusteeship of the property was free from error. That the property was the wife's, and not the husband's, we can entertain no doubt.

The testimony shows that he had permanently abandoned the wife, without sufficient excuse; that he was profligate, and unfit for the discreet management of her property; that he wasted her income, by consuming it for his own personal uses; and that he grossly disregarded his fiduciary duties in such manner as that, if his conduct is not checked by the strong arm of a court of equity, it will probably lead to the impoverishment of the complainant in very old age.—Code, 1876, §§ 2728–29, 2717; *Boaz v. Boaz*, 36 Ala. 334; *Sloan v. Frothingham*, 72 Ala. 589; 1 Perry on Trusts, (3d Ed.) § 275.

The decree of the chancellor removing him was, in our judgment, entirely free from error, and it is affirmed.