# Allen *v.* Allen.

*Bill in Equity for Divorce and Removal of Husband as Trustee.*

1. *Divorce on ground of abandonment.*—On the facts shown by the record in this case, the wife seeking a divorce on the ground of abandonment, which charge the answer denied, and alleged that the complainant had abandoned her husband; this court holds, reversing the chancellor's decree, that the evidence, consisting mostly of hearsay and mere opinion, is not sufficient to authorize a divorce.

2. *Removal of husband as trustee.*—The bill seeking also the removal of the husband as trustee, and the chancellor granting that relief as prayed, the record does not contain enough to satisfy this court that he erred.

APPEAL from Lamar Chancery Court.
Heard before Hon. THOMAS COBBS.

NESMITH & SANFORD and WATTS & SON, for appellant.

J. D. McCLUSKEY, *contra.*

STONE, C. J.—The present suit is an application for divorce, filed by the appellee, charging abandonment by appellant, her husband, for two years next preceding the filing of her bill—January 8th, 1885. The answer denies the charge of abandonment, and sets up in defense that complainant abandoned him. Many witnesses were examined, but the proof is very unsatisfactory. Much, if not most of the testimony bears on its face unmistakable evidence that it is either hearsay or mere opinion. There is no proof that defendant abandoned complainant, while there is proof that complainant abandoned defendant. She charges in her bill that she was driven from home by her husband's violence, but there is no proof of a single fact that goes to sustain this charge. Quitting her husband on "account of abuse," is not such proof as judicial action can be based on. A feeble effort was made to prove that the wife offered to return,

[Hinson v. Bush.]

and renew conjugal relations, and that he repulsed and refused to receive her. The proof utterly fails to sustain this aspect of the case, or to show any real disposition on the part of the wife to resume the relation and duties of a wife. If the facts existed they are not proved.

The result of what is stated above is, that the complainant, Mrs. Allen, has entirely failed to establish her right to a divorce; and the decree of the chancellor to that extent, must be reversed, and a decree here rendered, dismissing that feature of her bill.

What we have said above is rested on the weakness of complainant's proof, and not on any particular merit shown on defendant's part. There is such a meagre presentation of facts, that we are compelled to own that we know but little of the merits of the quarrel. There are no children of the marriage, and from the nature of the breach, the separation is probably permanent. When the bill was filed, the husband was trustee of the wife's separate estate. The bill charged him with unfitness for the trust, and prayed his removal from it. This the chancellor granted, and there is not enough in the record to satisfy us that he erred in this.—*Boaz v. Boaz*, 30 Ala. 334; *Kraft v. Lehman*, 79 Ala. 323.

The decree granting divorce is reversed, and the bill, as to that feature, is dismissed without prejudice. In the other relief granted, the decree is affirmed.

Let the costs of suit in the court below and the costs of appeal be paid equally by appellant and by appellee's next friend.