## WILCOX *v.* QUINBY *et al.*

*(Supreme Court, General Term, Second Department. December 14, 1891.)*

ACTION AGAINST EXECUTOR AS TRUSTEE—SUFFICIENCY OF COMPLAINT.

In an action to remove a trustee, to whom a testator had devised his property in trust to apply the income to the support of plaintiff and others for life, the complaint alleged that defendant, with the consent of his co-trustee, took possession of the entire property, and has paid over only an insignificant part of the income to plaintiff, and that defendant either has the income of the estate, or has applied it to his own use. *Held*, that the complaint stated a cause of action, and to dismiss it was error.

Appeal from special term, Westchester county.

Action by Ann Eliza Wilcox against Charles J. Quinby, and another, individually and as executors of Daniel Quinby, deceased. From an order dismissing the complaint plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and PRATT, J.

*James Flynn*, (*E. H. Benn*, of counsel,) for appellant. *M. M. Silliman*, (*William P. Fiero*, of counsel,) for respondents.

BARNARD, P. J. In April, 1869, Daniel Quinby died, leaving a last will and testament, which was admitted to probate in Westchester county in May, 1869. The will contained provisions for the support of the testator's wife during her life; but, as she died before the testator, those provisions are immaterial. At the death of the wife the entire estate was directed to be divided in three equal parts. One of these parts was applied to the support of testator's three children for life, with remainder to their children. Charles J. Quinby is one of them, and he is also one of the executors. The complaint avers that the executor Quinby, with the acquiescence and permission of his co-executor, took immediate possession of the land and personal property of deceased, and that but an insignificant part of the income has been paid over to

the plaintiff; that the executor Quinby either has the income of the estate, or has applied it to his own use. The complaint asks for the removal of the executor and trustee, and that a new trustee be appointed; that the directions in the will be carried out. The executor made answer to the complaint, but the complaint was dismissed, because it did not state facts sufficient to make a cause of action. If the complaint is true, the plaintiff ought to have some relief. The executors have retained the estate undivided over 20 years, and one executor has, with the assent of his associates, with intent to defraud the other heirs, taken possession of the entire estate, and kept it for his own purpose. There may be an absence of proof on the trial, but there is none of averment which should permit a party to offer evidence. The judgment should be reversed, and a new trial granted, costs to abide event.