In the Matter of the Application of HELEN S. McGILLIVRAY for the Removal of Edward C. Hawks, as Trustee, etc.

Where, upon application under the Code of Civil Procedure (§§ 2817, 2818) for the removal of a testamentary trustee and the appointment of another in his place, the evidence tends to establish any of the causes for removal specified in the statute, the question of removal is one resting in the discretion of the surrogate; where that officer, in the exercise of his discretion, decides in favor of removal, the decision is subject to review upon appeal by the General Term; but if there is any evidence to sustain the decision, it is not reviewable here.

In proceedings for the removal of such a trustee, these facts appeared: By the will of S., a portion of his residuary estate was given to a trustee in trust for the support and maintenance of a daughter of the testator during her life, with a proviso that if, in the opinion of the trustee, the well-being and comfort of the daughter required, he might pay over to her so much of the principal as he might deem proper and necessary. The beneficiary, not having received anything from the trustee, commenced proceedings in Surrogate's Court for an accounting. After filing the petition, the trustee paid over part of the income. The accounting was contested, and resulted in a decree requiring the trustee to pay over a sum specified as the balance of the income in his hands, and that he should thereafter pay over the net income semi-annually. The trustee, who was an attorney, appealed to the General Term and to this court; both courts affirmed, with costs to be paid by the trustee personally; he also, after notice of the proceedings for accounting, commenced an action for the construction of the will. This action resulted in a judgment construing the will as claimed by the daughter, and awarded costs in her favor, payable out of the trust estate; the trustee appealed from this decision, and the appeal was pending when the proceeding for removal was commenced. After the decision of the appeal in this court in the proceedings for an accounting, and after the decision in the action for the construction of the will, the trustee paid to his attorney his fees for services, taking a receipt, by which the attorney agreed that if the sum paid, or any item thereof, should not be allowed

on settlement of accounts, that he would refund the part disallowed. *Held*, that the facts justified the inference that the trustee had wasted and improperly applied funds belonging to the trust estate, and that he was guilty of misconduct in the execution of his trust, and so, justified an order of removal.

(Argued April 24, 1893; decided May 5, 1893.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made June 23, 1892, which affirmed a decree of the Surrogate's Court of Erie county, granting the petition of Helen S. McGillivray and removing Edward C. Hawks from his office as trustee under the last will and testament of Eli B. Smith, deceased, and appointing John L. Williams in his place.

The facts, so far as material, are stated in the opinion.

*Spencer Clinton* for appellant. The surrogate had no power to remove the trustee because, as was alleged, he did not keep a proper set of books. (Code Civ. Pro. § 2817, subd. 2.) The will gave power to the trustee to use his discretion and to enlarge the narrow field for investments, which the rule of the law has defined. (Perry on Trusts, § 276; *In re O'Hara*, 62 Hun, 531; Code Civ. Pro. § 2817, subd. 2; 2 Story's Eq. Juris. 1289; *In re Morgan*, 8 Civ. Pro. Rep. 158.)

*John G. Milburn* for respondent. The decree of the surrogate having been affirmed by the General Term, only questions of law are reviewable by this court. (*Davis* v. *Clark*, 87 N. Y. 623; *In re Ross*, Id. 514; *Hewlett* v. *Elmer*, 103 id. 156.) Adequate grounds existed for the removal of the trustee, and his removal was a proper exercise of the surrogate's power. (Code Civ. Pro. § 2817.) The trustee improperly applied and invested trust funds. (*Gomez* v. *Gomez*, 49 N. Y. S. R. 646; *Ormiston* v. *Olcott*, 84 N. Y. 339; *Judd* v. *Warner*, 2 Dem. 104; Perry on Trusts, § 84.) The failure to obey the direction of the surrogate contained in the decree of March, 1890, is a ground of removal by the express language of the Code. (Subd. 3, § 2817; *In re Smith*, 26 N. Y.

S. R. 235; *Gladding* v. *Follett,* 2 Dem. 58; *In re Wiggins,* 29 Hun, 271; Perry on Trusts [3d ed.], § 275; *Quackenboss* v. *Soulnick,* 41 N. Y. 117.)

EARL, J.    Eli B. Smith died in Erie county in September, 1888, leaving a widow and six children and an estate valued at over $600,000.    He had made a will in which, after providing for his wife, he divided the residue of his estate among his six children.    He placed the share of his daughter, Mrs. McGillivray, the respondent, in trust, and appointed Edward C. Hawks, his son-in-law, the appellant, the trustee thereof. He was to take and hold her share of the estate and apply the net income thereof to her support and maintenance during her life.    And it was provided that it should be a sufficient appropriation of the income to her use to permit and allow her, at her option, to take and have the personal possession and use of any thereof so long as the trustee should deem it best, or to pay the income directly to her.    The will also provided that if at any time, in the opinion of the trustee, the well-being and comfort of his daughter would be substantially promoted, or if she should at any time actually need more than the income of the trust fund, then, and in such case, he might, in his discretion, pay over to her so much of the principal of the fund as he might deem proper and necessary under the circumstances; and further, that upon her death the trust estate should pass to her children.    Hawks accepted the trust and assumed the duties thereof, and this is a proceeding to remove him as such trustee and appoint another in his place, under sections 2817 and 2818 of the Code.    In the former section it is provided that a trustee may, upon the petition of any person beneficially interested in the estate, be removed, when, " by reason of his having wasted or improperly applied the money or other property in his charge, or invested money in securities unauthorized by law, or otherwise improvidently managed or injured the property committed to his charge, or by reason of other misconduct in the execution of his trust, or dishonesty, drunkenness, improvidence or want of under-

standing, he is unfit for the due execution of his trust." The facts, as disclosed in this record, do not make a very flagrant case of misconduct against the trustee, but we think there was sufficient evidence to give the surrogate jurisdiction and to justify the exercise of the discretion conferred upon him by the section referred to. Where the evidence tends to establish any of the causes for removal mentioned in the section, then whether the trustee should be removed is a matter resting, in the first instance, in the discretion of the surrogate. If he concludes that the evidence is sufficient he may remove him, and his discretion is subject to review upon appeal by the General Term. But if his decision be there affirmed, and there be some evidence in the record to sustain the decision, then there is no question of law for consideration here, and we have no jurisdiction to interfere with the discretion properly vested in the courts below.

In June, 1889, not receiving anything for her support from the trustee, Mrs. McGillivray instituted proceedings in the Surrogate's Court against him for an accounting, and then after the filing of the petition he paid her $500. That accounting was contested by him, and resulted in a decree by the surrogate, in which he was ordered to pay the balance of the income, $176.60, remaining in his hands, to her. It was further ordered that he should pay to her semi-annually the net income which should during the preceding six months come into his hands, less his commissions and expenses, and less such part thereof as he had during the six months applied to her use and maintenance in accordance with the terms of the will. From that decree of the surrogate he appealed to the General Term, which affirmed the decree, and awarded costs against him personally. He then appealed to this court, and here the judgment of the General Term was affirmed, and costs were again awarded against him personally. About the time of the filing of her petition for an accounting, and after he had notice that she intended to file the same, he commenced a suit as trustee against the executors of Mr. Smith's will, and Mrs. McGillivray and her children for the construction of the

will, claiming that doubts had arisen as to the proper construction of the portion thereof relating to the trust; and among other things he prayed for costs of the action. The action was put at issue and brought to trial, and resulted in a judgment construing the will as claimed by Mrs. McGillivray, and the judgment awarded costs in her favor to be paid out of the trust estate, but gave no costs to him. From that judgment he appealed to the General Term, and that appeal was pending at the time this proceeding was commenced for his removal.

We think it is not an unreasonable inference that the appeals from the decree of the surrogate and from the judgment of the General Term to this court, which were clearly frivolous, were taken for the purpose of harassing Mrs. McGillivray. They subjected her to great expense and annoyance, and had a tendency to deplete and waste the trust estate. So, too, it is not an unreasonable inference that the action for the construction of the will was brought for the purpose of vexing and harassing her. If the trustee simply desired protection in the discharge of his duties, the decree of the surrogate seems to have been ample for that purpose. He was a lawyer of twenty years' practice, and must have known that there was no confusion or uncertainty about the meaning of the will, and that an action for its construction was wholly unnecessary. Certainly, after he had the decision of the Special Term construing the will, he needed no further instruction or protection, and it is difficult to perceive any justifiable reason for his appealing to the General Term. That action had a tendency further to waste the trust estate. Mrs. McGillivray had no means except her interest in the trust estate, and her costs had to be paid out of that estate, and thus the means which her father intended for her support were wasted in unnecessary litigation.

But this is not all. After the General Term and the Court of Appeals had determined that the appeals from the surrogate's decision upon the accounting were so frivolous that the trustee ought personally to pay the costs, and after the court

at Special Term, in the action for a construction of the will, had determined that Mrs. McGillivray's costs should be paid out of the trust estate, he paid to his attorney, out of the trust estate, for his services in those litigations, $446.25, without any authority or justification whatever.  It does not shield him from censure that he took from his attorneys a written promise that if the sum paid, or any item thereof, should not be allowed on the settlement of his accounts, they would refund the part disallowed, with interest.  He thus diverted to an improper purpose, for an indefinite length of time, funds which should have been applied to the needy beneficiary of the trust, and subjected the trust estate to the risk of a litigation on some future accounting over the allowance of that item.

Without considering other charges of misconduct made against the trustee and found by the surrogate, we think in the facts already stated there was enough to justify the inference that he had wasted and improperly applied money belonging to the trust estate ; that he had improperly managed and had injured the trust estate, and that he was guilty of misconduct in the execution of his trust which rendered him unfit to be intrusted further with the execution of the trust.  A trustee who seems to be eager and willing to waste the trust estate in unnecessary and frivolous litigation, while unwilling to pay the needy beneficiary the portion to which she is entitled, until compelled to do so by legal proceedings, in despite of the plain purpose of the creator of the trust that she should be liberally supplied with whatever was needful for her comfort and happiness, cannot well complain that there was error of law and abuse of discretion in his removal from the management and control of the trust estate.

We are, therefore, of opinion that the order of the General Term should be affirmed, with costs against the appellant personally.

All concur.

Order affirmed.