KELSEY *v.* DETROIT TRUST CO.

1. TRUSTS—REMOVAL OF TRUSTEE—COURTS—JURISDICTION—STATUTES.
   Court of competent jurisdiction at common law had power to remove a trustee for good cause and select a successor trustee and Acts Nos. 32 and 95, Pub. Acts 1933, are but statutory recognition of such power.

2. SAME—TRUSTEE WITH CONFLICTING INTEREST.
   Trustee has no right to act when duty is opposed to interest, fidelity to cupidity, or honesty to desire for personal gain.

3. SAME—TRUSTEE IN DOUBLE CAPACITY.
   Trustee has no right to act in double capacity of broker or purchaser and sell alleged securities at a profit to trust estate.

4. SAME—PROTECTION OF TRUSTEE.
   Trustee who acts in dual capacity with honesty, in good faith and with reasonable diligence within limits of his authority has adequate protection.

5. SAME—CIRCUIT COURT — JURISDICTION — ACCOUNTING IN PROBATE COURT.
   Circuit court in chancery has jurisdiction of suit to remove trustee, compel him to disclose assets and turn them over to new trustee, require accounting, and for damages for breach of trust, notwithstanding accounting as to some items may have been had in probate court.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 20, 1933. (Calendar No. 37,318.) Decided December 19, 1933. Rehearing denied January 30, 1934.

Bill by Dallas S. Kelsey and others against Detroit Trust Company, a Michigan corporation, successor trustee, and Harry J. Fox, its conservator, to remove defendants as trustee, for an accounting and other relief. Patrick H. O'Brien, Attorney

General, intervened. From order denying motion to dismiss, defendants and intervener appeal. Affirmed.

*Emil W. Colombo,* for plaintiffs.

*Stevenson, Butzel, Eaman & Long,* for defendant Detroit Trust Company.

*Anderson, Wilcox, Lacy & Lawson* and *Arthur J. Lacy,* for defendant Fox.

*Patrick H. O'Brien,* Attorney General, and *Charles F. Cummins,* Assistant Attorney General, for intervener.

*George E. Brand, William Van Dyke,* and *Jos. B. Beckenstein, amici curiæ.*

POTTER, J. Plaintiffs, beneficiaries under two trusts created by John Kelsey, deceased, filed their bill of complaint against defendants for their removal as trustee, disclosure of assets, injunction against Harry J. Fox, conservator, and to compel defendants to turn over to a trustee to be appointed the assets of the trusts, accounting, and for damages for breach of trust. From a decree for plaintiffs, defendants appeal. The attorney general intervened.

John Kelsey, now deceased, in his life time provided: *First,*—By a deed of trust of December 15, 1921, to the Security Trust Company for certain trusts; and *Second,*—By his last will and testament for certain testamentary trusts, of which the Security Trust Company was trustee. The Security Trust Company accepted the trust first above-named. John Kelsey died January 19, 1927. His will was pro-

bated. The Security Trust Company, named as executor, was duly appointed as such by the probate court, and later qualified as trustee under his last will and testament.

It is alleged the Security Trust Company changed its name to Detroit & Security Trust Company, and later to Detroit Trust Company. The bill of complaint charges defendants with gross mismanagement of the trusts, violation of the trusts, acting antagonistic to the terms of the trusts, in its own interest, against the interest of the beneficiaries of the trusts, unloading on the trust estate worthless securities, charging excessive commissions, breach of faith, neglect of duty, refusing to properly account, preventing the beneficiaries of the trust from inspecting the securities belonging to the trust, refusing to permit an auditor employed by the beneficiaries of the trust to audit the accounts, books, records, and documents relating to the trusts. It charges defendants with gross negligence, breach of trust, taking excessive fees, and insolvency, and the conservator of the Detroit Trust Company with usurping the functions of trustee.

The conservator was appointed under Act No. 32, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933, which acts plaintiffs claim are unconstitutional. Defendants affirm the constitutionality of the acts and the attorney general intervenes and asserts their validity.

The defendants raised and argued the constitutionality of Acts Nos. 32 and 95, Pub. Acts of 1933. Since the case was submitted to this court the Detroit Trust Company has been reorganized. In a supplemental brief defendant waives the question of the constitutionality of these statutes. It is not considered.

Other statutes provide for the removal of trustees and the selection of successor trustees in case of the insolvency, incapacity, misconduct, or violation of trust by the trustee, or when the best interests of the trust demand it.   3 Comp. Laws 1929, §§ 12992, 12993, 15892, 15893.

The right to remove trustees and to appoint successor trustees existed at common law. If, at common law a trustee could not effectually execute the trust (*O'Reilly* v. *Alderson,* 8 Hare, 101 [68 Eng. Repr. 289]; *In Re Ledwick,* 6 Ir. Eq. 561; *Farmers Loan & Trust Co.* v. *Hughes,* 11 Hun [N. Y.], 130); absconded (*Millard* v. *Eyre,* 2 Ves. Jr. 94 [30 Eng. Repr. 540]); became bankrupt (*Bainbrigge* v. *Blair,* 1 Beav. 495 [48 Eng. Repr. 1032]; *Harris* v. *Harris,* 29 Beav. 107 [54 Eng. Repr. 567]); misconducted himself (*Thompson* v. *Thompson,* 2 B. Mon. [41 Ky.] 161; *Deen* v. *Cozzens,* 7 Rob. [30 N. Y. Sup. Ct.] 178); dealt with the trust fund for his own personal profit and advancement (*Kraft* v. *Lohman,* 79 Ala. 323; *Gregg* v. *Gabbert,* 62 Ark. 602 [37 S. W. 232]; *Ex parte Phelps,* 9 Mod. 357 [88 Eng. Repr. 505]); committed a breach of trust (*Thompson* v. *Thompson, supra; Mayor, etc., of Coventry* v. *Attorney General,* 7 Brown P. C. 235 [3 Eng. Repr. 153]); refused to apply the income as directed (*In re McGillivray,* 138 N. Y. 308 [33 N. E. 1077]; *Wilcox* v. *Quinby,* 62 Hun, 620 [16 N. Y. Supp. 699]); failed to invest as directed (*Cavender* v. *Cavender,* 114 U. S. 464 [5 Sup. Ct. 955]); or acted adversely to the interests of the beneficiaries (*Dickerson* v. *Smith,* 17 S. C. 289); neglected to use due care in protecting the trust estate (*Jones* v. *Dougherty,* 10 Ga. 273); or was guilty of gross misconduct in the execution of the trust (*Babbitt* v. *Babbitt,* 26 N. J. Eq. 44; *Sparhawk* v. *Sparhawk,* 114 Mass. 356); or showed a lack

of fidelity to the interests of the trust (*Cavender* v. *Cavender, supra*), or for any other good cause (*Piper's Appeal,* 20 Pa. 67); a trustee could be removed and a new trustee substituted in his place by a court of competent jurisdiction. 1 Perry on Trusts (6th Ed.), §§ 274, 275; 28 Halsbury's Laws of England, p. 114; 39 Cyc. pp. 261, 268.

The power recognized by Act No. 32, Pub. Acts 1933, and Act No. 95, Pub. Acts 1933, to appoint successor fiduciaries, is a recognition of the judicial power of removal and appointment which existed at common law and is confirmed by statute.

A trustee has no right to act when duty is opposed to interest, fidelity to cupidity, honesty to the desire for personal gain. To act as trustee for dead men carries with it the duty to exercise honesty, good faith, and active diligence; the duty to disclose to the beneficiaries and account for the estate, and, stringent as the law is in prohibiting trustees acting in violation of their trust, the rules of law should be more strict rather than be relaxed.

A trustee has no right to act in the double capacity of broker or purchaser, to sell alleged securities at a profit to trust estates of which it is trustee, or to unload upon such trust estates worthless securities. These methods of plundering the estates of dead men cannot receive the approval and commendation of this court. Honesty, good faith, and reasonable diligence within the limits of the trustee's authority are adequate protection to such trustees. Nothing else may be substituted therefor.

It is claimed by defendants the probate court of Wayne county has exclusive jurisdiction of this case, and the circuit court for the county of Wayne in chancery has no jurisdiction; that the accounting had in the probate court in the matter of the estate

of Dallas Kelsey, deceased, is former adjudication and that such accounts may not be impeached or inquired into. Defendants further ask for a writ of prohibition against the further prosecution of this case. We think the circuit court for the county of Wayne in chancery had jurisdiction. We cannot determine in advance what facts may be disclosed on trial. Out of the facts the law arises. How far the accounts of the trustee filed in the probate court may be former adjudication may depend upon many things; whether particular items were in the account or not, notice whether there was actual fraud practiced and other things, all of which it is unnecessary to specifically mention. We decline to determine in advance questions not before us and to issue a writ of prohibition. The order denying the motion to dismiss the bill of complaint is affirmed, costs to abide the final disposition of the case.

McDONALD, C. J., and SHARPE and NORTH, JJ., concurred with POTTER, J. WIEST and BUTZEL, JJ., concurred in the result. FEAD, J., did not sit. CLARK, J., took no part in this decision.