
**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**KAMLESH K. HEMLANI, individually and derivatively in the name of and on behalf of RADHI PURAN TRUST,**
Plaintiff-Appellant/Cross-Appellee,

**v.**

**MANU & ANITA MELWANI, JETHMAL K. MELWANI, ISHWAR P. HEMLANI, VINOD I. & YOGITA V. HEMLANI, RADHI P. HEMLANI ESTATE, PARAMANAND MELWANI ESTATE, RADHl'S FOUNDATION, RADHI PURAN TRUST, RADHI FAMILY TRUST, PACIFIC RAINBOW, INC., SAFETY 1st SYSTEMS INC., PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD., CHITRA HEMLANI, SONA HEMLANI, PADI DARYANANI, and DOES 1-95,**
Defendants-Appellees/Cross-Appellants.

Supreme Court Case No. CVA19-001
Superior Court Case No. CV1527-13

## AMENDED OPINION ON REHEARING

**Cite as: 2021 Guam 26**

Appeal from the Superior Court of Guam
Argued and submitted on October 18, 2019
Hagåtña, Guam

**E-Received**
12/22/2021 5:18:07 PM

Appearing for Plaintiff-Appellant/Cross-Appellee Kamlesh Hemlani:
Thomas M. Tarpley, Jr., *Esq.*
Thomas McKee Tarpley Law Firm
GCIC Bldg.
414 W. Soledad Ave., Ste. 904
Hagåtña, GU 96910

Appearing for Defendant-Appellee Radhi's Foundation nka Radhi Puran's Foundation:
Louie J. Yanza, *Esq.*
Law Office of Louie J. Yanza, P.C.
One Agana Bay
446 E. Marine Corps Dr., Ste. 201
Hagatña, GU 96910

Appearing for Defendants-Appellees/Cross-Appellants Vasudev Hemlani and P.D. Hemlani Foundation, Ltd.:
Kathleen V. Fisher, *Esq.*
Rodney J. Jacob, *Esq.*
E. Christian Calvo, *Esq.*
Calvo Fisher & Jacob LLP
259 Martyr St., Ste. 100
Hagåtña, GU 96910

Appearing for Defendant-Appellee/Cross-Appellant Estate of Radhi P. Hemlani:
Jon R. Ramos, *Esq.*
Cabot Mantanona LLP
929 S. Marine Corps Dr., Ste. 200
Tamuning, GU 96913

Appearing for Defendants-Appellees Manu & Anita Melwani *et al.*:
Bill R. Mann, *Esq.*
Berman O'Connor & Mann
Bank of Guam Bldg.
111 Chalan Santo Papa, Ste. 503,
Hagåtña, GU 96910

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, J.:**

**[1]** This Amended Opinion supersedes in its entirety the prior opinion of this court, *Hemlani v. Melwani*, 2020 Guam 31.[1] Plaintiff-Appellant/Cross-Appellee Kamlesh K. Hemlani ("Kamlesh") appeals a final judgment of the Superior Court dismissing his complaint without prejudice for lack of standing. The Superior Court granted summary judgment for Defendants-Appellees/Cross-Appellants Vasudev B. Hemlani ("Vashi"), P.D. Hemlani Foundation, Ltd. ("PDHF"), and Radhi P. Hemlani Estate ("Radhi's Estate"). That court held Kamlesh is foreclosed from bringing any action on behalf of the Radhi Puran Trust because he did not have the permission of at least one other co-trustee. The court also found Kamlesh lacked standing to challenge a memorandum of settlement from 2011 and the resulting distributions. On cross-appeal, Vashi, PDHF, and Radhi's Estate allege that the Superior Court erred in denying their motion to expunge the *lis pendens* Kamlesh filed with his complaint.

**[2]** We reverse the judgment dismissing Kamlesh's complaint for lack of standing against the individual defendants but affirm the judgment dismissing the complaint against the named estates or trusts. We also affirm the order denying the motion to expunge the *lis pendens*.

### I. FACTUAL AND PROCEDURAL BACKGROUND

**[3]** This case has been before us before in two related appeals: *Melwani v. Hemlani*, 2015 Guam 17, and *Hemlani v. Melwani*, 2016 Guam 33 ("*Hemlani I*"). While this dispute has a protracted factual history, we will recite only the facts most relevant to this appeal. *See Babauta v. Babauta*, 2013 Guam 17 ¶ 3.

---

[1] The court issues this amended opinion after considering the parties' respective petitions for rehearing.

**[4]**     Before their deaths, spouses P.D. and Radhi Hemlani accumulated substantial assets and organized a portion of their estates into the Radhi Puran Trust.  The trust instrument named P.D. and Radhi as the settlors and initial co-trustees.  Upon the death, resignation, removal, or incapacity of both initial co-trustees, the trust instrument—as originally written—named Jack P. Hemlani, Ishwar P. Hemlani ("Don"), and Vasudev or Vasdev B. Hemlani ("Vashi") as successor co-trustees.  P.D. and Radhi later amended the trust to replace Jack with Kamlesh as successor co-trustee.  From its inception, the trust instrument's preamble has stated: "A majority of the successor cotrustees shall bind this Trust for all purposes." *See* Record on Appeal ("RA"), tab 1 (V. Compl., Dec. 17, 2013), Ex. 6 (Radhi Puran Trust, Oct. 7, 1997).  We refer to this as the "majority-trustee requirement."

**[5]**     The trust instrument also instructed how to divide the assets after either settlor died.  Upon the first settlor's death, two sub-trusts would be created—the survivor's trust and the residuary trust.  The survivor's trust would contain that spouse's separate property and one-half of the community property; the residuary trust would contain the deceased's separate property and one-half of the community property.

**[6]**     In the last two years of his life, P.D. was hospitalized many times.  During his final hospitalization on March 10, 2004, P.D. was discharged after Don signed a waiver stating P.D. was released against the medical advice of the doctor and hospital.  On March 11, 2004, Radhi, acting for herself and as P.D.'s attorney-in-fact, amended the trust instrument a second time.  The second amendment allowed a settlor to unilaterally change the trust if the other became incapacitated and changed how property would pass upon a settlor's death.  The second amendment came with a memorandum naming Don, Jethmal K. Melwani, and Manu Melwani as successor trustees.  The memorandum granted the trustees "full power to buy, sell, mortgage, or

lease any real or personal property owned by The Radhi Puran Trust" and granted the settlors "the power to alter, amend or revoke the Trust." RA, tab 1, Ex. 10 at 1-3 (Mem. Radhi Puran Trust Agreement with Power of Sale, Mar. 11, 2004).

[7] The next day, March 12, 2004, P.D. died. According to the trust instrument, P.D.'s property was placed in the residuary trust, and Radhi's property was placed into the survivor's trust. That same day, Radhi executed a third amendment to the trust, signing the document as "remaining settlor" and "initial co-trustee." RA, tab 1, Ex. 11 at 3 (Third Amend. Radhi Puran Trust, Mar. 12, 2004). The third amendment modified the trust instrument's preamble and replaced Kamlesh and Vashi with Jethmal and Manu as successor co-trustees.

[8] On May 3, 2004, Rashi executed a fourth amendment to the trust instrument. The fourth amendment was intended to supersede the original trust instrument. This amendment named Vashi as a successor co-trustee, eliminated the sub-trusts, and distributed the assets from the deceased settlor's trust to Radhi's surviving settlor's trust. It also stated that the changes were to "apply to [P.D.'s] property as if in effect at the time of his death." RA, tab 1, Ex. 12 at 1-2 (Fourth Amend. Radhi Puran Trust Agreement, May 3, 2004).

[9] After P.D. died, the parties litigated several issues related to his estate. The probate proceedings—Superior Court Case No. PR0074-04 and Supreme Court Case No. CVA06-010[2]—administered P.D.'s will, which named Radhi as sole beneficiary. In its factual findings, the probate court found: "About the time that P.D. died on March 12, 2004, Petitioner [Radhi] removed Vashi Hemlani, P.D.'s nephew, from his position as a successor trustee to the Radhi Trust. Don has since resigned from his position as successor trustee." RA, tab 1, Ex. 8 at 8 ¶ 31 (Finds. Fact & Concl. L., Aug. 1, 2006).

---

[2] Our opinion in this case is *In re Estate of Hemlani*, 2008 Guam 25.

[10] On March 24, 2009, Vashi filed a complaint in Superior Court Case No. CV0506-09 against Radhi and many of the same parties here, alleging that they improperly amended the trust. On July 27, 2011, the parties entered the 2011 Memorandum of Settlement ("2011 MOS") to resolve the matter. Under the 2011 MOS: (1) Vashi dismissed the lawsuit; (2) Vashi formed PDHF, "with the same charitable purpose as Radhi's Foundation"; (3) the trust transferred assets amounting to millions of dollars to PDHF, including $1.3 million in cash; and (4) all of P.D.'s probated assets were split in half, with PDHF receiving one-half and the trust, Radhi's Foundation, and Radhi sharing the other half. Kamlesh was not a party to the case, nor was he a signatory to the 2011 MOS. RA, tab 1, Ex. 26 at 1-2 (Mem. Settlement, July 27, 2011).

[11] In 2012, Kamlesh filed a complaint in Superior Court Case No. CV0758-12, alleging causes of action for breach of fiduciary duty and unjust enrichment against some of the same defendants here.[3] Kamlesh's main complaint was that Radhi was incompetent because she was subject to a guardianship and, therefore, unable to execute the amendments. After reviewing the guardianship's factual determinations, the Superior Court determined Radhi was not found incompetent and remained the sole trustee of the Radhi Puran Trust. Because Radhi was the sole trustee at this time, the court dismissed Kamlesh's complaint for lack of standing; Kamlesh did not appeal.

[12] Following this dismissal, on August 18, 2013, Radhi died. Several months later, Kamlesh filed the action before us. Based on this long series of amendments and disputes, Kamlesh alleges Radhi "was deceived and/or imposed upon" by defendants Manu, Jethmal, and Don. RA, tab 1 at 16 (V. Compl.). The deceit and imposition allegedly caused losses or waste to the trust and

---

[3] The named defendants in CV0758-12 were Radhi P. Hemlani, Manu Melwani, Jethmal K. Melwani, Ishwar P. Hemlani, Radhi's Foundation, Radhi Puran Trust, Pacific American Title Insurance & Escrow Company, Vasudev B. Hemlani, P.D. Hemlani Foundation, Ltd., and Does 1-100.

benefited the defendants. In bringing this suit, Kamlesh alleges the wasteful transactions amounted to millions of dollars.

[13]    At the early stages of this suit, the Superior Court dismissed the complaint for lack of standing. The court held Kamlesh lacked standing because the trust had terminated. The court also dismissed Manu's counterclaim for malicious prosecution based on Kamlesh's filing of *lis pendens*. When dismissing the counterclaim, the court denied Kamlesh's request for attorney's fees and sanctions under the Citizen Participation in Government Act ("CPGA"). On appeal, this court reversed the dismissal for lack of standing, finding that, although the trust terminated, Kamlesh had powers to wind up the trust as trustee. *Hemlani I*, 2016 Guam 33 ¶ 36. We did not decide other challenges to standing, such as whether the trust instrument foreclosed suit. *Id.* ¶ 31 n.5. Related to the counterclaim, we also reversed and found that Kamlesh's *lis pendens* did fall under the CPGA. *Id.* ¶ 36. This reversal implicitly meant Kamlesh could seek attorney's fees and sanctions under the CPGA. *Id.* ¶ 32. We remanded for further proceedings. *Id.* ¶ 36.

[14]    On remand, the Superior Court again found Kamlesh lacked standing. The court found the language in the trust instrument's preamble requiring a majority of the trustees to bind the trust, prevented Kamlesh from acting alone in suing the co-trustees and certain third parties for breach of trust and related claims. *See* RA, tab 419 at 15 (Dec. & Order, June 18, 2018). The Superior Court assumed for purposes of summary judgment that Kamlesh was a co-trustee. The court determined that the language "demonstrate[s] the settlors' intent to prevent a sole cotrustee from acting unilaterally in matters affecting trust assets, such as a lawsuit to recover[] trust property." *Id.* at 10. The court also found Kamlesh lacked standing to challenge the 2011 MOS since no court adjudicated Radhi incapacitated, and Kamlesh had suffered no cognizable injury. *Id.* The court granted defendant's motion for summary judgment and dismissed Kamlesh's complaint. *Id.*

**[15]**     The defendants then moved to dissolve the *lis pendens*, and Kamlesh moved for an order awarding attorney's fees and sanctions on his CPGA motion.  RA, tab 454 (Dec. & Order, Dec. 27, 2018).  The court refused to dissolve the *lis pendens*, finding Kamlesh's intent to appeal warranted maintaining the notice.  *Id.*  The court awarded Kamlesh attorney's fees under the CPGA, but found that sanctions were not warranted.  *Id.*

**[16]**     Following these orders, the court entered Judgment.  Kamlesh appealed the grant of summary judgment in favor of the defendants.  Vashi and PDHF appealed the denial of the motion to expunge.  Radhi's Estate filed a separate appeal.  We consolidated all three appeals.

## II.  JURISDICTION

**[17]**     This court has jurisdiction over a final judgment of the Superior Court.  48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-57 (2021)); 7 GCA §§ 3107, 3108(a) (2005).  We also have jurisdiction over the appeal of a final order denying a motion to expunge *lis pendens*.  7 GCA §§ 3107, 3108; *see also Kelliher v. Soundy*, 852 N.W.2d 718, 723 (Neb. 2014); *Lathrop v. Sakatani*, 141 P.3d 480, 488 (Haw. 2006).

## III.  STANDARD OF REVIEW

**[18]**     We review the Superior Court's grant of a motion for summary judgment *de novo*.  *Hemlani I*, 2016 Guam 33 ¶ 12 (citing *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 8).  Similarly, we review *de novo* a trial court's decision on whether a party has standing.  *See id.* ¶ 13 (quoting *Macris v. Guam Mem'l Hosp. Auth.*, 2008 Guam 6 ¶ 8).

**[19]**     The denial of a motion to expunge *lis pendens* requires us to interpret Guam's *lis pendens* statutes.  "The interpretation of a statute is a legal question subject to *de novo* review."  *Id.* ¶ 14 (quoting *Guerrero v. Santo Thomas*, 2010 Guam 11 ¶ 8).

## IV. ANALYSIS

**[20]**    The primary question before us is whether the trust instrument's majority-trustee requirement deprives Kamlesh of standing to pursue claims for breach of trust and related claims against his co-trustees and certain interested third parties. The parties also dispute whether a *lis pendens* should be dissolved after a defendant receives a favorable verdict from the trial court or whether it remains in effect during an appeal.

**[21]**    We conclude that the majority-trustee requirement does not constrain Kamlesh, as a single trustee, from pursuing claims of breach of trust and related fiduciary claims against co-trustees and necessary third parties. We also conclude that genuine issues of material fact preclude summary judgment on some of Kamlesh's claims, including his claims related to the 2011 MOS—but find that Kamlesh's claims against certain trusts and estates cannot proceed because those entities cannot be sued in their own names. Finally, we agree with the trial court that a notice of *lis pendens* remains in effect until an appeal is concluded.

### A. Kamlesh Has Standing to Pursue Breach of Trust and Related Fiduciary Claims Against Co-trustees and Interested Third Parties

**[22]**    Standing is a component of subject matter jurisdiction. *Guam Mem'l Hosp. Auth. v. Superior Court (Comm. Health & Hum. Servs.)*, 2012 Guam 17 ¶ 8. "Constitutional standing is a necessary prerequisite to pursuing relief in *all* cases filed in the courts of Guam." *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 19. The constitutional standing requirements in our courts are the same as those under Article III. *See id.* ¶ 16. "Although we are 'not bound by the standing requirements applicable to federal courts of limited jurisdiction under Article III of the United States Constitution,' we have repeatedly found that the 'traditional standing requirements' expressed in Article III nevertheless apply to claims asserted in Guam's courts." *Id.* (quoting *Guam Mem'l Hosp.*, 2012 Guam 17 ¶ 9). We have applied these Article III principles by referring

to the terms "common law standing" and "constitutional standing." *See Pia Marine Homeowners Ass'n v. Kinoshita Corp. Guam*, 2013 Guam 6 ¶ 16 (referring to "constitutional standing"); *Guam Mem'l Hosp.*, 2012 Guam 17 ¶¶ 10, 12 (referring to "common-law constitutional standing" and "common-law standing"); *Benavente v. Taitano*, 2006 Guam 15 ¶ 17 (referring to "common law Article III standing").

[23]     "To establish constitutional standing, a party must show: (1) 'it has suffered an "injury in fact"'; (2) 'that the injury can be fairly traced to the challenged action taken by the defendant'; and (3) that 'it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained.'" *In re A.B. Won Pat Int'l*, 2019 Guam 6 ¶ 17 (quoting *Guam Mem'l Hosp.*, 2012 Guam 17 ¶ 10).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Traceability is a causation requirement.  *See Bennett v. Spear*, 520 U.S. 154, 168–69 (1997).  A plaintiff proves causation by showing "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations in original).  Redressability requires a plaintiff to make a modest showing that a favorable ruling would require the defendant to redress the plaintiff's injury.  *See M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) (citing *Lujan*, 504 U.S. at 561; *Mayfield v. United States*, 599 F.3d 964, 971 (9th Cir. 2010)).

[24]     A court assesses standing when a complaint is filed.  *See Hemlani I*, 2016 Guam 33 ¶ 17 (citing *Taitano v. Lujan*, 2005 Guam 26 ¶ 15).  "The party invoking the jurisdiction of the court

cannot rely on events that unfolded after the filing of the complaint to establish its standing." *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005).

[25]    Under this backdrop, when a trust has multiple trustees, one trustee may sue another to enforce duties or prevent a breach of trust. *See* Restatement (Third) of Trusts § 94 cmt. c (Am. L. Inst. 2012). That means "a co-trustee can sue another trustee for breach of trust without the latter's consent." Restatement (Third) of Trusts § 39 cmts. c, d (Am. L. Inst. 2003). The rule applies to past and present co-trustees. Restatement (Third) of Trusts § 94 cmt. f; *see also O'Connor v. Redstone*, 896 N.E.2d 595, 607 (Mass. 2008) ("If the trustee commits a breach of trust and . . . ceases to be trustee and a successor trustee is appointed, the successor trustee can maintain a suit against him to redress the breach of trust." (omission in original) (quoting Restatement (Second) of Trusts § 200 cmt. f (Am. L. Inst. 1959))). Suits between co-trustees over fiduciary responsibilities have been entertained by courts. *See, e.g.*, *Peterson v. McMahon*, 99 P.3d 594, 600 (Colo. 2004) (en banc) ("A suit brought by a successor trustee against a former trustee for breach of fiduciary duty and negligence can be maintained at law."); *Belcher v. Conway*, 425 A.2d 1254, 1258 (Conn. 1979) (recognizing trust principle that trustee may bring action against co-trustees to enjoin breach of trust or compel performance of duty). And in certain trust contexts, co-trustees have an affirmative duty to seek relief in court for other trustees' violation of fiduciary duties. *Fujikawa v. Gushiken*, 823 F.2d 1341, 1345 n.1 (9th Cir. 1987) (analyzing duties of ERISA trustees).

[26]    These findings are consistent with cases from California, which are persuasive in Guam. *See Lujan v. J.L.H. Tr.*, 2016 Guam 24 ¶ 24 ("Guam's statutory scheme regarding trusts derives from a former version of California's trust statutes. Where we have adopted California statutes, California case law interpreting those statutes stands as persuasive authority." (citations omitted)).

In California, "[a]s a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf." *Estate of Bowles v. Cavalli*, 87 Cal. Rptr. 3d 122, 126 (Ct. App. 2008); *see also Wolf v. Mitchell, Silberberg & Knupp*, 90 Cal. Rptr. 2d 792, 795 (Ct. App. 1999) ("When a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest."); *Pillsbury v. Karmgard*, 27 Cal. Rptr. 2d 491, 495 (Ct. App. 1994) ("At common law, where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause.").[4]

[27]     Kamlesh, as a co-trustee, therefore, can act on behalf of the trust and its beneficiaries to bring breach of trust and other fiduciary-related claims against the co-trustees. And at least for this stage of litigation, the elements of standing have been met for his claims—specific injuries to trust assets, caused by the co-trustees' alleged malfeasance, which can be remedied by a judgment against them.[5]   Kamlesh also has standing to pursue his claims against necessary third parties who may possess current trust properties because of the alleged breaching activities, since his claims,

---

[4] In California, by statute, a co-trustee may begin a proceeding to compel a co-trustee to perform duties, enjoin a co-trustee from committing breach, or compel a trustee to redress breach. *See* Cal. Prob. Code § 16420 (West, Westlaw current through Ch. 372 of 2020 Reg. Sess.).  Similar powers exist under common law.  In Michigan, for example, courts recognized the following co-trustee rights, which have since been superseded by state law:

> The right to remove trustees and to appoint successor trustees existed at common law.  If, at common law a trustee could not effectually execute the trust; absconded; became bankrupt; misconducted himself; dealt with the trust fund for his own personal profit and advancement; committed a breach of trust; refused to apply the income as directed; failed to invest as directed; or acted adversely to the interests of the beneficiaries; neglected to use due care in protecting the trust estate; or was guilty of gross misconduct in the execution of the trust; or showed a lack of fidelity to the interests of the trust, or for any other good cause; a trustee could be removed and a new trustee substituted in his place by a court of competent jurisdiction.

*In re Gerald L. Pollack Tr.*, 867 N.W.2d 884, 905 (Mich. Ct. App. 2015) (quoting *Kelsey v. Detroit Tr. Co.*, 251 N.W. 555, 556 (Mich. 1933)).

[5] Some of those injuries include, but are not limited to, the transfers of: (1) $1.3 million in cash from the trust to PDHF, RA, tab 1, Ex. 26 (Mem. Settlement, July 27, 2011); (2) 52 properties from the trust to PDHF, *id.*; and (3) several properties from the trust to Manu, Don, and/or PATICO, and associated third-party defendants, as the Public Guardian's report in Superior Court Case No. SP0195-11 delineates.  RA, tab 1, Ex. 28 at 6–9 (Rep. of Pub. Guardian, May 25, 2013).

if successful, could not provide complete relief to the trust without those third parties' joinder. *See* Guam R. Civ. P. 19(a).

[28]     The majority-trustee requirement does not change our conclusions because Kamlesh is not attempting to bind the trust to a private suit or transaction; rather, he is trying to prevent waste and mismanagement under his wind-up powers as a co-trustee. Without the ability to assert injuries from breach on the trust's behalf, a co-trustee like Kamlesh would never have standing to seek redress against other co-trustees unless the trust instrument itself expresses that capability. And if, as here, the trust instrument's terms are silent on trustees' powers in cases of breach,[6] then the trust would have no avenue to seek a remedy for malfeasance by its own trustees—unless, as common law and other jurisdictions recognize, trustees could assert those injuries against other co-trustees on behalf of the trust.

[29]     Kamlesh's causes of action are brought under his capacity as a co-trustee or successor co-trustee. The principles we discussed above apply to present and former co-trustees—and so they apply to Don and Vashi despite their alleged resignation and removal, respectively. *See* RA, tab 1, Ex. 8 at 8 ¶ 31 (Finds. Fact & Concl. L.). We conclude that the trust instrument does not constrain Kamlesh from pursuing claims of breach of trust and related claims against his co-trustees and necessary third parties. The Superior Court, therefore, erred in dismissing Kamlesh's complaint for lack of standing.

---

[6] While the trust instrument is silent on breach actions specifically, it grants each trustee "all the powers, as may be applicable . . . as enumerated in 15 GCA § 3305." *See* RA, tab 1, Ex. 6 at VI-1 (Radhi PuranTrust, Oct. 7, 1997). That provision of the Guam Code Annotated authorizes trustees to "institute, compromise and defend actions and proceedings," 15 GCA § 3305(p) (2005), which Kamlesh does here. *See Brock v. Hall*, 206 P.2d 360, 363 (Cal. 1949) (in bank) ("[I]n ascertaining the intention of the trustor[,] the court is not limited to determining what is meant by any particular phrase but may also consider the necessary implication arising from the language of the instrument as a whole."); *Scharlin v. Superior Court (Brown)*, 11 Cal. Rptr. 2d 448, 452 (Ct. App. 1992) ("In construing a trust instrument, the intent of the trustor prevails and it must be ascertained from the whole of the trust instrument, not just separate parts of it.").

**B. Genuine Issues of Material Fact Preclude Summary Judgment on Kamlesh's Claims—Including His Claims About the 2011 MOS**

[30]     Summary judgment was also inappropriate because genuine issues of material fact exist over whether Kamlesh is the only remaining co-trustee. And other material facts continue to be disputed with the 2011 MOS—namely, the alleged undue influence over Radhi's participation in that settlement; whether some of the property transferred belongs to P.D.'s irrevocable residuary trust; and on the correct identity of the trust's beneficiary. The Superior Court should have recognized these issues precluded its grant of summary judgment.

[31]     Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c). Conversely, summary judgment is improper if there are disputed issues of material fact. *See Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8. At this stage of litigation, genuine issues must be shown through specific facts and not mere allegations. *See Hemlani I*, 2016 Guam 33 ¶ 18 ("[A]t the summary judgment stage of litigation, a plaintiff carries the burden of establishing standing by setting forth evidence of specific facts." (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013)).

[32]     Under the Guam Rules of Civil Procedure, genuine issues of material fact may be shown through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Guam R. Civ. P. 56(c); *see also Welsh v. McNeil*, 162 A.3d 135, 143 (D.C. 2017) (Glickman, J., concurring) (per curiam) ("When a lawsuit has reached the summary judgment stage and a party's standing is in issue, the requisite 'standing must be shown through "specific facts" set forth "by affidavit or other evidence" to survive a motion for summary judgment.'" (quoting *Grayson v. AT & T Corp.*, 15 A.3d 219, 246 (D.C. 2011))). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 7.

**[33]**    At this point in the litigation, the parties still disagree over whether Kamlesh is the sole remaining co-trustee.  Citing findings from the probate court, Kamlesh alleges that Vashi was removed as trustee and that Don had resigned.  *See* RA, tab 1, Ex. 8 at 8 ¶ 31 (Finds. Fact & Concl. L.).  Vashi and Don meanwhile contest the contention they are no longer co-trustees.[7]  *See id.*  If Kamlesh is the sole remaining co-trustee, then the defendant co-trustees would have no basis to argue that Kamlesh needs their majority consent to proceed with his claims on behalf of the trust. For similar reasons, it was premature for the trial court to decide whether Kamlesh should have sought Don's or Vashi's removal in this suit or through a separate petition, and whether Kamlesh correctly filled the co-trustees' vacancies, without first resolving whether Kamlesh is the sole remaining co-trustee.

**[34]**    Material facts also remain in dispute over Kamlesh's standing to challenge the 2011 MOS. Kamlesh has specified parts of the record appearing to support his allegations that Radhi was unduly influenced when she entered that settlement agreement—which, if true, would mean Kamlesh as a co-trustee may question that agreement's validity.[8]  *See Alston v. Pritchett*, No. 382, 2014, 2015 WL 849689, at *5 (Del. Feb. 26, 2015) ("Like any other contract, a settlement agreement may be invalidated under certain circumstances such as fraud, illegality, duress, or undue influence.").  Other disputed issues related to the 2011 MOS include whether certain properties transferred as part of that agreement belonged to the residuary trust that had become

---

[7] In their answer to Kamlesh's petition for rehearing, Vashi and PDHF also appear to allege that Kamlesh may not be a trustee altogether.  *See* Defs.-Appellees Vasudev B. Hemlani & P.D. Hemlani Found., Ltd.'s Answers Pets. Reh'g at 9 (Feb. 5, 2021).

[8] For example, Kamlesh has identified statements—from Jack Hemlani, Kishore Hemlani, Vashi, and the Public Guardian—allegedly describing undue influence exerted on Radhi when she entered the 2011 MOS on behalf of the trust.  *See* RA, tab 411 at 7–10 (Pl.'s Reply Br. Supp. Mot. Summ. J. re: Standing, Feb. 9, 2018).

irrevocable upon P.D.'s death, *see, e.g.*, RA, tab 1 at 31 (V. Compl.), and whether Radhi's Foundation is the proper beneficiary to the trust.[9]

[35]    We do not engage in appellate fact-finding. *Kittel v. Guam Mem'l Hosp. Auth.*, 2020 Guam 3 ¶¶ 12, 27. Because of these genuine issues of material fact, the trial court should not have granted summary judgment. That court can resolve these questions on remand.

**C. Kamlesh's Claims Against the Named Estates Were Properly Dismissed Because Estates and Trusts Cannot Sue or be Sued in Their Own Names**

[36]    Kamlesh named Radhi's Estate and the Paramanand Melwani Estate as defendants based on specific injuries to the trust allegedly due to Radhi's and Paramanand's acts. *See, e.g.*, RA, tab 1 at 16-26 (V. Compl.). "An estate, however, is not a legal entity with the capacity to sue or be sued." *Kittel*, 2020 Guam 3 ¶ 17 (citing *J.L.H. Tr.*, 2016 Guam 24 ¶¶ 25–29; *Spradley v. Spradley*, 213 So. 3d 1042, 1045 (Fla. Dist. Ct. App. 2017)). An estate can act only through authorized representatives. Because Kamlesh filed his suit directly against the estates and the record contains no evidence that the estates are still open or there is an authorized representative, the suit cannot be maintained against them. Therefore, we affirm the Superior Court's grant of summary judgment in favor of the named estates.

[37]    Kamlesh also named the Radhi Puran Trust and "Radhi Family Trust" as defendants. *See* RA, tab 1 (V. Compl.). As we have explained before, "a trust is not an entity capable of suing or

---

[9] Defendant-Appellee Radhi's Foundation purports to be the beneficiary to the trust and to have consented to the 2011 MOS. *See* Defendant-Appellee Radhi's Found. Br. at 13 (June 19, 2019). But we have observed before that "[t]he identity of Radhi's Foundation referred to in the RPT Instrument may be in doubt." *Hemlani v. Melwani*, 2016 Guam 33 ¶ 5 n.2. The trial court also identified that open question. *See* RA, tab 334 at 9 n.7 (Dec. & Order, July 14, 2015). Among other possible disparities: (1) the terms of the 2011 MOS refer to a "Radhi's Foundation" that filed its charter in 1991, *see* RA, tab 1, Ex. 26 (Mem. Settlement), but Defendant-Appellee Radhi's Foundation filed its charter in 1990, *see* RA, tab 1, Ex. 5 (Charter, May 14, 1990); and (2) the trust instrument identifies the beneficiary as a "not-for-profit corporation," *see* RA, tab 1, Ex. 6 at V-3 (Radhi Puran Trust), but Defendant-Appellee Radhi's Foundation's charter identifies it as a "non-profit association," *see* RA, tab 1, Ex. 5 (Charter).

being sued; the legally correct suit is by or against the trustee." *J.L.H. Tr.*, 2016 Guam 24 ¶ 29.

We affirm the Superior Court's grant of summary judgment in favor of the named trusts.

## D.  A Notice of *Lis Pendens* Remains Effective Until an Appeal is Concluded

[38]    In Guam, notices of *lis pendens* are governed by 7 GCA § 14103.  The statute provides:

> In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing an answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the Department of Land Management, a notice of the pendency of the action containing the names of the parties and the object of the action or defense, and a description of the property affected thereby.  From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names.

7 GCA § 14103 (2005).  "The purpose of *lis pendens* is to give constructive or actual notice that there is a pending action which may affect the title to real property." *Morioka v. I & F Corp. Guam*, Civ. No. 91-00027A, 1991 WL 255842, at \*3 (D. Guam App. Div. Nov. 18, 1991), *aff'd*, 999 F.2d 543 (9th Cir. 1993).  The result of filing a *lis pendens* "is to bind any purchaser of the disputed property after notice is filed to subsequent judgments rendered in the action." *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 18 (citing *Morioka*, 1991 WL 255842, at \*3).

[39]    "[T]he constructive notice provided by recording of a *lis pendens* remains in effect for the entire pendency of the case until its final determination upon appeal, or until the time for appeal has passed." *Id.* (citing *Pelowski v. Taitano*, 2000 Guam 34 ¶¶ 21-25; *Taitano v. Lujan*, 2005 Guam 26 ¶ 22).  The policy reason for having a *lis pendens* statute is to keep the property within the control of the court and prevent a party from placing the property out of reach of a final judgment. *Pelowski*, 2000 Guam 34 ¶ 24 (quoting *Roberts v. Cardwell*, 157 S.W. 711, 713 (Ky. 1913)) (citing *Ashworth v. Hankins*, 408 S.W.2d 871, 873 (Ark. 1966)).

**[40]**    Because of Kamlesh's appeal, our prior cases control.  The notice of *lis pendens* is effective until final determination on appeal.  We also find no compelling reason to depart from our prior decisions, and we find no error in the Superior Court's denial of the motion to dissolve the *lis pendens*.  Since this case is subject to our remand, we find that the *lis pendens* should remain in effect until the case's final determination upon appeal or the time for appeal has passed.

## V.  CONCLUSION

**[41]**    We **REVERSE** the Superior Court's grant of summary judgment in favor of the individual defendants and **AFFIRM** the grant of summary judgment claims entered in favor of the named estates and trusts.  We **AFFIRM** the Superior Court's denial of the motion to expunge the *lis pendens*.  We **REMAND** for proceedings not inconsistent with this opinion.


|  |  |
|---|---|
| /s/ | /s/ |
| ROBERT J. TORRES | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |


/s/
F. PHILIP CARBULLIDO
Chief Justice